**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
NEW FALLS CORPORATION,

                               Plaintiff,                                  **ORDER**

            -against-                                             CV 16-6805 (ADS) (AKT)

OM P. SONI,

                               Defendant.
-------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

       The Court has reviewed Plaintiff's motion seeking to have this Court hold in contempt non-party Soni Holdings, LLC, pursuant to Fed. R. Civ. P. 45, "for its willful failure to comply with a Subpoena, dated January 27, 2017, and compelling Soni Holdings LLC to produce the documents as required[.]"  DE 22 (Notice of Motion); *see generally* Plaintiff's Memorandum of Law in Support of its [*sic*] for Contempt Against Soni Holdings LLC) (Pl.'s Mem.") [DE 22-9].[1]  After conducting a review Plaintiff's seven-page memorandum of law, it is evident that the primary relief being sought here centers on contempt sanctions levied against non-party Soni Holdings LLC along with Plaintiff's costs for attorney's fees expended in making the instant motion.  *See id* at 4-5.

       Initially, the Court points out during the August 1, 2017 Discovery Status Conference, Plaintiff was permitted leave to "make a motion to enforce the subpoena" which ostensibly was served on non-party Soni Holdings LLC.  *See* DE 20.  The Court directed that to the extent

---

[1] Plaintiff appears to be moving for relief under Fed. R. Civ. P. 45(e).  *See* Pl.'s Mem. at 2. However, Rule 45 was amended on April 16, 2013 (effective December 1, 2013) with the result that the provision regarding contempt, which was formerly set forth in Rule 45(e), was transferred to section (g).  As such, the Court assumes that Plaintiff was either utilizing an outdated version of the Federal Rules or was relying on case law citing to the previous version of the Rule.

Plaintiff sought to file the motion, it must "serve and file [its] opening papers and memorandum of law by August 18, 2017 and must serve the papers on the corporation. The corporation's opposition (if any) must be served and filed by September 5, 2017. Plaintiff's reply papers, if any, shall be served by September 13, 2017." *Id*.

Notwithstanding this Court's having granted Plaintiff leave to file a motion to *enforce* the subpoena, Plaintiff instead has chosen to put the cart before the horse by interposing the instant motion -- one which primarily seeks contempt sanctions as opposed to an Order directing compliance. However, a motion for contempt at this juncture is entirely premature since the Court has not issued an Order directing non-party Soni Holdings to comply with the subpoena in the first instance.

"Although Rule 45(g) permits a court to hold a person in contempt for failure to obey a subpoena 'without adequate excuse,' 'courts in the Second Circuit have often held that ... a court should first issue an order compelling compliance with the subpoena.'" *Kerr v. Thomas*, No. 14 CIV 9168, 2017 WL 485041, at *4 (S.D.N.Y. Feb. 3, 2017), *report and recommendation adopted sub nom. Kerr v. John Thomas Fin.*, 2017 WL 1609224 (S.D.N.Y. May 1, 2017) (quoting *In re Application of Kingdom of Morocco*, M8-85, 2009 WL 1059786 at *2 (S.D.N.Y. Apr. 16, 2009)); *see Sheet Metal Workers' Nat'l Pension Fund v. Rhb Installations, Inc.*, No. CV 12-2 981, 2016 WL 128153 at *2 (E.D.N.Y. Jan. 12, 2016) ("'In civil litigation, it [is] rare for a court to use contempt sanctions without first ordering compliance with a subpoena.'" (alteration in original) (citing Advisory Committee Notes to 2013 Amendment to Fed. R. Civ. P. 45); *Deleon v. Pichardo*, No. 15 CV 9804, 2016 WL 7373965, at *2 (S.D.N.Y. Dec. 12, 2016) (same). The reason for this approach stems from the fact that "[a]n order of contempt leading to the impositions of sanctions is a drastic remedy." *Kerr v. Thomas*, 2017 WL 485041, at *4

(quoting *Sanchez v. Pathmark Stores, Inc.*, 04 Civ. 1159, 2009 WL 398103 at *1 (S.D.N.Y. Feb. 17, 2009) (internal quotation marks omitted); *see also Southern New England Tel. Co. v. Global NAPs Inc.*, supra, 624 F.3d at 145 ("[A] contempt order is ... a potent weapon, to which courts should not resort where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct.") (internal quotation marks omitted).

The Court will not impose the drastic sanction of contempt where there has been no prior Court Order issued to non-party Soni Holdings LLC directing such compliance. Moreover, non-party Soni Holdings LLC has not yet been afforded the opportunity to appear and show cause why it should not be held in contempt for its alleged noncompliance. *See* Fed. R. Civ. P. 45(g) Advisory Committee Notes to the 2013 Amendment ("Often contempt proceedings will be initiated by an order to show cause, and an order to comply or be held in contempt may modify the subpoena's command. Disobedience of such an order may be treated as contempt."). Here, the proper course of action, as set forth in in the Court's August 1, 2017 Minute Order, is for Plaintiff to file a motion to compel compliance with the subpoena. To the extent the Court reviews the motion and issues an Order compelling such compliance, Plaintiff will thereafter have a remedy by means of petitioning the Court to hold a Show Cause hearing in the event non-party Soni Holdings LLC fails to comply with the Court's Order.

In light of the fact that Plaintiff's motion is focused almost exclusively on contempt sanctions and the basis for their imposition, the Court finds that the motion fails to address the necessary subject matter relevant to a motion to compel enforcement of the subpoena. As such, the Court DENIES the motion, without prejudice. Plaintiff may file a motion seeking to compel or enforce compliance with the subpoena. To the extent Plaintiff does so, the memorandum of law must address the issues of relevance and materiality — which the present motion fails to

adequately address. *Night Hawk Ltd. v. Briarpatch Ltd.*, 03 Civ. 1382, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003) ("The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings."); *Crosby v. City of New York*, 269 F.R.D. 267, 282 (S.D.N.Y. 2010) ("Where a party has subpoenaed a non-party, "[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings.") (internal quotations and citation omitted); *Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc.*, No. CV 126383, 2017 WL 1133349, at *3 (E.D.N.Y. Mar. 24, 2017).

**SO ORDERED.**

Dated: Central Islip, New York
October 30, 2017

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge