FILED
CLERK
2:13 pm, Feb 13, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
NEW FALLS CORPORATION,

                      Plaintiff,        **MEMORANDUM OF**
                                      **DECISION & ORDER**
        -against-          2:16-cv-06805 (ADS)(AKT)

OM P. SONI,

                      Defendants.
---------------------------------------------------------X

**APPEARANCES:**

**Vlock & Associates, P.C.**
*Attorneys for the Plaintiff*
630 Third Avenue
18th Floor
New York, NY 10017
        By:    Stephen Vlock, Esq.,
                 Steven Paul Giordano, Esq., Of Counsel

**Robert T. Bean, Attorney at Law**
*Attorney for the Defendant*
3033 Brighton 3rd Street
Brooklyn, NY 11235
        By:    Robert T. Bean, Esq., Of Counsel

**SPATT, District Judge**:

       The Plaintiff New Falls Corporation (the "Plaintiff") commenced this action against the Defendant Om P. Soni (the "Defendant") seeking to recover monies owed based on an alleged note for business and commercial loans (the "Note").

       Presently before the Court is a motion by the Plaintiff, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 72, seeking a modification of a protective order issued by Magistrate Judge A. Kathleen Tomlinson on August 2, 2017. In that order, Judge Tomlinson held that the Defendant was not required to produce any corporate records from non-party Soni

1

Holdings LLC ("Soni Holdings") to the Plaintiff. For the following reasons, the Plaintiff's motion is denied.

## I. BACKGROUND

### A. The Relevant Facts

On or about May 14, 2007, Soni Holdings executed the Note and delivered it to the Plaintiff's predecessor-in-interest, AmSouth Bank. The Note was for $301,216.50, to be repaid with interest. On the same date, the Defendant executed an agreement guaranteeing all of Soni Holdings' obligations under the Note. The Note was assigned and transferred to the Plaintiff on September 15, 2015.

At some point, the Plaintiff demanded that the Defendant pay all monies due under the Note. The Defendant has not paid the Plaintiff.

### B. The Relevant Procedural History

The Plaintiff filed its complaint on December 9, 2016. The Plaintiff seeks the amount owed under the Note, as well as attorneys' fees and expenses.

The Defendant filed his answer on January 12, 2017.

On February 10, 2017, the Defendant filed his first motion for a protective order in favor of non-party Soni Holdings pursuant to Rule 26(c). According to the motion, the Plaintiff served Soni Holdings with a subpoena, demanding all documents relating to the Defendant. The subpoena was attached as an exhibit to the motion.

On March 17, 2017, during a conference, Judge Tomlinson denied the Defendant's motion for a protective order without prejudice. The order implied that the Defendant did not have standing to seek a protective order for a non-party.

On April 13, 2017, the Defendant filed a second motion for a protective order, this time asking the Court to protect him from having to produce the documents from Soni Holdings. The Defendant argued that the Plaintiff's request that he produce the Soni Holdings documents was vague, unduly burdensome, and overbroad. Furthermore, the Defendant stated that he is not an owner or manager of Soni Holdings. To that end, he supplied Soni Holdings' 2009 Schedule K-1 identifying Anjali Soni as the owner or member.

On August 2, 2017, Judge Tomlinson granted the Defendant's motion for a protective order. The Court relied on the fact that "the information sought relates solely to the corporate entity" and not to the individual Defendant. (Civil Conference Minute Order, August 1, 2017, ECF No. 20). To that end, the Court stated that it:

> pointed out to Plaintiff's counsel that the only defendant named in this action is the individual Om Soni. Plaintiff did not sue the corporation for reasons unknown to this Court. Consequently, any responses proffered to discovery demands are solely on behalf of defendant Soni in his individual capacity. Defendant Soni is not required to produce documents and materials for the corporation. Plaintiff's counsel has already served a subpoena on the non-party corporation seeking a whole array of business records. To the extent that Plaintiff is seeking to obtain K-1 and other corporate records from the individual defendant here, such procedure is not proper. We spent some time today discussing plaintiff's options with regard to bringing a motion to enforce compliance with the non-party subpoena to obtain these records.

(*Id.*).

On August 11, 2017, the Plaintiff filed the instant motion for Rule 72 review of Judge Tomlinson's August 2, 2017 order.

## II. DISCUSSION

### A. The Legal Standard

As to nondispositive matters, such as motions for protective orders, Rule 72 states:

When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct

3

the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

FED. R. CIV. P. 72(a). "Under the clearly erroneous standard of review of Rule 72(a), the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently. Rather, the district court must affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Cendant Mortg. Corp. v. Saxon Nat'l Mortg.*, 492 F. Supp. 2d 119, 124 (E.D.N.Y. 2007) (citation omitted). Under the "contrary to law" standard of review, "a magistrate judge's decision is contrary to law only where it runs counter to controlling authority." *Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008) (citation omitted).

"Pursuant to this highly deferential standard of review, magistrate judges are thus afforded broad discretion in resolving discovery disputes . . . [and] a party seeking to overturn a discovery order bears a heavy burden." *Garcia v. Benjamin Grp. Entm't Inc.*, 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011) (internal citations omitted).

**B. The Relevant Law**

Rule 26(c)(1) states that:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> (E) designating the persons who may be present while the discovery is conducted;
> (F) requiring that a deposition be sealed and opened only on court order;
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

FED. R. CIV. P. 26(c)(1).

Parties are protected from abuse in the liberal discovery system by Rule 26(c). *See AMW Materials Testing, Inc. v. Town of Babylon,* 215 F.R.D. 67, 72 (E.D.N.Y. 2003) ("While the Federal Rules mandate a liberal standard, district courts are empowered to issue protective orders to temper the scope of discovery under [Rule 26(c)]"); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34, 104 S. Ct. 2199, 2208, 81 L. Ed. 2d 17 (1984) ("Because of the liberality of pretrial discovery permitted by Rule 26(b)(1), it is necessary for the trial court to have the authority to issue protective orders conferred by Rule 26(c)").

Under Rule 26(c), the court can order a stay of discovery or provide other protections to the moving party, including ordering discovery take place in a particular sequence. *Id.; Hasbrouck v. BankAmerica Hous. Servs.*, 187 F.R.D. 453, 455 (N.D.N.Y.), *aff'd sub nom. Hasbrouck v. BankAmerica Hous. Servs., Inc.*, 190 F.R.D. 42 (N.D.N.Y. 1999). "To show good cause, particular and specific facts must be established rather than conclusory assertions." *AMW Material Testing, Inc. v. Town of Babylon*, 215 F.R.D. 67, 72 (E.D.N.Y. 2003) (citing *Hasbrouck,* 187 F.R.D. at 455). "[I]f the movant establishes good cause for protection, the court may balance the countervailing interests to determine whether to exercise discretion and grant the order." *Hasbrouck,* 187 F.R.D. at 455 (internal citations omitted); *see also Dove v. Atlantic Capital Corp.,*

963 F.2d 15, 19 (2d Cir. 1992) ("The grant and nature of protection is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion . . . . This standard applies where the requested order has been denied as well as when it has been granted" (internal citations and quotation marks omitted)).

## C. Application to the Plaintiff's Motion

Having reviewed the record, including, among other things, the August 2, 2017 order; the Plaintiff's objections to the order; the Defendant's response to the Plaintiff's objections; the Defendant's motions for a protective order and the Plaintiff's responses to those motions; as well as the relevant legal authorities, the Court concludes that issuance of the protective order was neither clearly erroneous nor contrary to law.

The Plaintiff does not point to *any* case law that supports his contention. Therefore, the Plaintiff cannot meet his burden of showing that the August 2, 2017 order "runs counter to controlling authority." *Pall*, 655 F. Supp. 2d at 172 (citation omitted).

In support of his contention that the ruling was clearly erroneous, the Plaintiff merely makes broad reference to Rule 26(b)(1), which states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." FED. R. CIV. P. 26(b)(1). However, the Court notes that the August 2, 2017 order does not preclude the Plaintiff from obtaining the corporate records of Soni Holdings. Instead, the Court encouraged the Plaintiff to file a motion to compel compliance with a non-party subpoena. As Rule 26(c)(1)(C) states, a court, in granting a protective order, may "prescribe[e] a discovery method other than the one selected by the party seeking discovery." FED. R. CIV. P. 26(c)(1)(C). Courts are granted wide discretion in deciding whether to grant protective orders. *Dove*, 963 F.2d at 19.

The Court cannot say that granting the protective order was clearly erroneous or an abuse of discretion. In fact, the protective order, coupled with the directive to file a motion to compel compliance, appears completely reasonable to this Court. The Defendant demonstrated good cause as to why the protective order should be granted. As the Defendant points out, he is not a member or a manager of Soni Holdings. Furthermore, the Defendant represents that the "financial and business records . . . are no longer available to [him]." (Def.'s Mem. of Law in Opp. to Pl.'s Mot. for Rule 72 Review at 3). Instead, the records sought are currently contained on a flash drive which contains sixty-four (64) gigabytes of data covering a twenty year period. (*Id.*). As much of that data includes privileged medical records, the Defendant represents that it would take six hundred (600) hours to review all of the documents contained on the flash drive. Clearly, requiring the Defendant, who is not a member or officer of Soni Holdings, to conduct such a search would be unduly burdensome.

On November 9, 2017, the Plaintiff followed Judge Tomlinson's guidance, and filed a motion to compel Soni Holdings' compliance with the subpoena. As Soni Holdings is in the best position to provide the Plaintiff with the documents from Soni Holdings, this is the most reasonable course of action. As stated above, the Plaintiff has elected to not sue Soni Holdings. It appears from the parties' submissions that this was due, at least in part, to a successful arbitration between the Plaintiff and Soni Holdings. Whatever the reason, the Plaintiff has sued the Defendant in his individual capacity, and not as a member or officer of Soni Holdings. Therefore, the Court cannot say that the August 2, 2017 order was clearly erroneous or contrary to law in holding that the Defendant need only respond to discovery demands in his individual capacity, and that a protective order be granted in the Defendant's favor to prevent him from having to turn over corporate documents from Soni Holdings.

As the Plaintiff has not met his "heavy burden of showing that the ruling was 'clearly erroneous or contrary to law,'" *H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.,* 106 F.R.D. 551, 553 (S.D.N.Y. 1985), his motion for an order modifying Judge Tomlinson's August 2, 2017 order is denied in its entirety.

### III. CONCLUSION

For the above stated reasons, the Plaintiff's motion pursuant to Rule 72 for a modification of the August 2, 2017 order is denied in its entirety. This case is respectfully referred to Magistrate Judge A. Kathleen Tomlinson for the remainder of discovery.

It is **SO ORDERED:**

Dated: Central Islip, New York

February 13, 2018

*/s/ Arthur D. Spatt*

ARTHUR D. SPATT

United States District Judge