**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
NEW FALLS CORPORATION,

                            Plaintiff,                        **MEMORANDUM
AND ORDER**

                 -against-                        CV 16-6805 (ADS) (AKT)

OM P. SONI,

                           Defendant.
---------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

       This is an action seeking the recovery of sums allegedly owed by Defendant Om P. Soni ("Defendant" or "Soni") to Plaintiff New Falls Corporation ("Plaintiff") under a promissory note executed for business and commercial loans. *See generally* Plaintiff's Complaint ("Compl.") [DE 1]. Plaintiff alleges that on or about May 14, 2007, Soni Holdings, LLC ("Soni Holdings"), which is a not a party to this litigation, executed and delivered to Plaintiff's predecessor-in-interest, AmSouth Bank, for substantial consideration, a "Note for a Business and Commercial Loans" ("the Note"), in the amount of $310,216.50. *Id*. ¶ 5. Contemporaneous with this transaction, Plaintiff alleges that Defendant Om P. Soni executed and delivered to AmSouth Bank a Guaranty Agreement ("the Guaranty") through which Defendant Soni guaranteed the obligations under the Note. *Id*. ¶ 6.

       Presently before the Court is Plaintiff's motion, pursuant to Federal Rule of Civil Procedure 45, to compel non-party Soni Holdings to produce documents pursuant to a subpoena dated January 27, 2017. *See generally* Plaintiff's Motion to Compel ("Pl.'s Mot.") [DE 31];

Plaintiff's Memorandum of Law in Support of its Motion ("Pl.'s Mem.") [DE 31-10]. Plaintiff also seeks attorneys' fees and costs associated with the motion. Soni Holdings opposes the motion. *See* Soni Holdings' Memorandum in Opposition ("Soni Holdings Opp'n.") [DE 33]. Also before the Court is Defendant's third motion for a protective order on behalf of Soni Holdings in a separate but related matter before a different Court, *New Falls Corporation v. Soni Holdings, LLC*, MC 18-1111. *See* DE 45. For the reasons which follow, Plaintiff's motion to compel compliance with the subpoena is GRANTED and Defendant's motion for a protective order is DENIED.

## II. RELEVANT PROCEDURAL BACKGROUND

Prior to the filing of the Complaint in this action, an arbitration was commenced between Plaintiff, Defendant Om P. Soni, and Soni Holdings, pursuant to the terms of the Note and the Guaranty. *See* Affirmation of Steven Giordano in Support of Plaintiff's Motion ("Giordano Aff.") ¶ 11. On October 20, 2016, Defendant stipulated to waive his right to arbitration and requested that he be sued in New York, individually, with regard to the Note and Guaranty. *Id*. Plaintiff accordingly commenced this action on or about December 9, 2016 seeking repayment from the Defendant of the obligations under the Note pursuant to the Guaranty. *See generally* Compl. Plaintiff states that the arbitration continued against Soni Holdings, eventually resulting in an award of $257,364.84, plus attorneys' fees, in Plaintiff's favor.[1]

On or about January 12, 2017, Defendant filed his Answer in the instant action. He asserted multiple affirmative defenses, including, *inter alia*, accord and satisfaction of the Note, as well fraud and forgery. Defendant alleges that his name was signed on the Guaranty without

---

[1] Plaintiff states that a copy of the stipulation waiving Defendant's arbitration rights, as well as the arbitration award, are attached as "Exhibit A" to Mr. Giordano's affidavit. However, Exhibit A contains only the stipulation. There is no record of the arbitration award.

his consent. *See generally* Defendant's Answer ("Answer") [DE 6]. On February 10, 2017, Defendant moved the Court for an order of protection on behalf of non-party Soni Holdings in response to a subpoena for documents served by Plaintiff on Soni Holdings, arguing the subpoena demanded irrelevant and privileged personal financial data. *See* DE 7. Shortly thereafter, the Court stayed all obligations under the subpoena pending discussion of the matter at the Initial Conference scheduled for March 17, 2017. *See* DE 8. Following a lengthy discussion at the Conference as to Defendant's standing to seek a protective order on behalf of a non-party, the Court denied Defendant's motion, without prejudice. *See* DE 12.

Defendant filed a second motion for a protective order on or about April 13, 2017, in which Defendant raised arguments essentially identical to those in his first motion for a protective order, namely, that the subpoena served on non-party Soni Holdings as well as the document demands served on Defendant "concern[ ] privileged and/or confidential personal financial information that is not relevant." DE 15 at 13. Defendant also argued, as he did in his first motion, that "[t]he demand for production is clearly designed for the purpose of intimidation, oppression, and undue burden and expense." *Id*.; *see* DE 7 at 2. Plaintiff opposed Defendant's motion. *See* DE 16.

At the Discovery Status Conference held on August 1, 2017, the Court granted certain portions of Defendant's second motion for a protective order and directed Plaintiff to serve a motion to enforce the subpoena as to non-party Soni Holdings.[2] *See* DE 20. On August 16, 2017, Plaintiff filed a motion for contempt against Soni Holdings for its failure to comply with the subpoena. *See* DE 22. In an Order dated October 30, 2017, the Court denied Plaintiff's

---

[2] Plaintiff petitioned Judge Spatt for Rule 72 review and modification of this Order. *See* DE 21. In an Order dated February 13, 2018, Judge Spatt denied Plaintiff's motion for review and modification of the Order. *See* DE 43.

motion, without prejudice, finding that although the motion purported to include a motion to compel compliance, the motion failed "to address the necessary subject matter relevant to a motion to compel enforcement of the subpoena." DE 26 at 3. The instant motion to compel compliance was filed on or about November 9, 2017. *See generally* Pl.'s Mot.

On May 18, 2018, while the instant motion was pending, Defendant filed a third motion seeking an order of protection. This motion seeks an order of protection on behalf of Soni Holdings precluding discovery pursuant to a subpoena in a separate but related action, *New Falls Corporation v. Soni Holdings, LLC*, MC 18-1111.[3] *See* DE 45. Plaintiff opposes the motion, arguing the application is frivolous, since the subpoena seeks documents post-judgment in an action to enforce a judgment, and "[t]he threshold for relevance in the Post-Judgment matter against Soni holdings is completely different than it would be in this matter." DE 46 at 2.

## III. THE PARTIES' POSITIONS

Plaintiff states that Defendant Om P. Soni is a member of Soni Holdings, and Soni Holdings signed the Note which is at the center of this case. *See* Giordano Aff. ¶¶ 4-5. Because the documents sought in the subpoena "are aimed at determining the validity of the Note and/or Guaranty, as well as disproving Defendant's forgery claim with regard to his signature on the Guaranty," Plaintiff argues that the documents it seeks are material and necessary "because they are relevant to show who benefited from the transaction." *Id*. Plaintiff also points out that, at least as of the filing of the instant motion, Soni Holdings had not complied with the subpoena or objected to its contents, despite Kunal Soni, a representative of Soni Holdings and son of

---

[3] The related action was filed on April 16, 2018, and is assigned to District Judge Roslynn R. Mauskopf and Magistrate Judge Sanket J. Bulsara. Currently pending in the related action is Plaintiff-Creditor New Falls' motion for contempt against Defendant Judgment-Debtor Soni Holdings for failure to comply with a subpoena dated April 18, 2018.

Defendant Om P. Soni, appearing before the Court at the March 17, 2017 Initial Conference and acknowledging notice of the subpoena. *Id*. ¶¶ 7, 17.

Non-party Soni Holdings, through counsel, opposes Plaintiff's motion and moves, for a third time, for a protective order. Soni Holdings acknowledges that it previously did not respond to the subpoena, stating that it failed to respond because its manager, Kunal Soni, as a non-attorney, could not represent the LLC, and that he "was ill and h[ad] just survived cancer surgery." Soni Holdings Opp'n. at 1. Counsel for the non-party corporation asserts that "the Defendant [Om P. Soni] had served objections to the subpoena with regard to personal information and believed that was sufficient to deal with the matter." *Id*. After repeating the Defendant's objections to the subpoena which were made in Defendant's second motion for a protective order, counsel for Soni Holdings states that "Kunal Soni has now recovered from his illness and retained counsel regarding the matter of the subpoena." *Id*. at 5. Soni Holdings contends that "[t]he majority of the documents sought [in the subpoena] consisted of person [*sic*] documents of the Defendant Om P. Soni or that of other corporations, now defunct and without records as they were destroyed pursuant to Court Order in 2015." *Id*. at 5-6. Notwithstanding these objections, Soni Holdings states that it "has served it's [*sic*] response to the subpoena," and recites its responses as served on Plaintiff.[4] *Id*. at 5-10. The gravamen of Soni Holdings' argument is that, as its responses to the subpoena state, "most of the records and documents sought are not Soni Holdings, LLC's, documents nor documents in its possession or control. One cannot be forced to produce document [*sic*] it does not have and over which it has no control." *Id*. at 10.

---

[4] According to Exhibit 2 to Soni Holdings' opposition, Soni Holding's responses to the subpoena were served on November 27, 2017, several days prior to Soni Holdings' response to the instant motion.

However, Soni Holdings does go on to admit that

> [t]here may be a flash drive that may be in the possession of Robert Spence, Esq. attorney for the non-debtor Soni Entities in the Adversary Proceeding in the Bankruptcy Court. Since Soni Holdings, LLC was a named defendant in that case, and since Robert Spence was it's [*sic*] attorney as will [*sic*] as some fourteen other entities in that proceeding it may be that the flash drive is in the LLC's control. However, the flash drive is believed to contain very little or none of the information sought with regard to Soni Holdings, LLC. In addition it contained data ordered destroyed by the Bankruptcy Court.

Soni Holdings Opp'n. at 10. Soni Holdings maintains that the flash drive is believed to have "64 gigabytes of data involving Soni Corporated Entities covering a twenty-year period," and since documents on the flash drive are stored in pdf. format and would need to be searched individually, it would cost in excess of $200,000 to review.[5] *Id*. at 11. Soni Holdings argues that it should not be forced to turn over the flash drive because (1) 99 percent or more of the documents on the drive are not the LLC's documents, and (2) the drive contains privileged medical information of third parties and records ordered destroyed by the Bankruptcy Court in 2015. *Id*. at 11-12. If it is forced to search the flash drive, Soni Holdings argues that Plaintiff should bear the cost. *Id*. at 12.

The last part of Soni Holdings' opposition and motion for a protective order asserts that Soni Holdings should not be forced to turn over income tax returns because Plaintiff has not deposed Defendant to determine if any compelling need for the returns exists, as this Court previously ordered. *See* Soni Holdings Opp'n. at 12. Moreover, Soni Holdings asserts that

---

[5] The Court notes that other than the transcript of a hearing in the Supreme Court, New York County where a representation was made that searching the flash drive would require "six hundred hours" (*see* Soni Holdings Opp'n., Ex. 4), no explanation of the search methodology or expense calculation by any vendor in support of the $200,000 figure has been provided to the Court.

Plaintiff's requests "have very little or nothing to do with the issues in this case, whether the signature is valid or was authorized. Plaintiff seeks thousands of documents in the hopes that it may find something of use. As such, these demands, like many of this [*sic*] others by Plaintiff in this case are fishing expeditions to see what can be caught." *Id*. at 13.

In its reply, Plaintiff contends that the late response to the subpoena by Soni Holdings is deficient. Specifically, Plaintiff argues that Soni Holdings' form responses to most of the document demands in the subpoena rider -- *i.e.*, "Soni Holdings, LLC has no such records in its possession" -- is "grossly insufficient" because Rule 26 requires production of records in Soni Holdings' "possession, custody and/or control, not simply 'possession.'" Plaintiff's Reply ("Pl.'s Reply") [DE 35] at 2. Plaintiff is quick to point out that the responses given by Soni Holdings do not assert that the records do not actually exist. *Id*.

### III. DISCUSSION

#### A. Applicable Law

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i), a party who has properly served a subpoena "may move the court for the district where compliance is required for an order compelling production or inspection." FED. R. CIV. P. 45(d)(2)(B)(i); *see E. Point Sys., Inc. v. Maxim*, No. 3:13-CV-00215, 2015 WL 1971453, at *2 (D. Conn. Apr. 30, 2015) ("This Court has the authority under Fed. R. Civ. P. 45(d)(2)(B)(i) to compel compliance with a subpoena."). "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Night Hawk Ltd. v. Briarpatch Ltd.*, 03 Civ. 1382, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003); *see Salvatorie Studios, Int'l v. Mako's Inc.*, 01 Civ. 4430, 2001 WL 913945, at *1 (S.D.N.Y. Aug. 14, 2001). Relevance in this context is subject to the over-arching relevance requirement

7

outlined in Rule 26(b)(1). *See In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011) ("Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)"); *see Ford Motor Credit Co. v. Meehan*, No. CV 05-4807, 2008 WL 2746373, at *4 (E.D.N.Y. July 11, 2008); *During v. City Univ. of New York*, No. 05 Civ. 6992, 2006 WL 2192843, at *82 (S.D.N.Y. Aug. 1, 2006).

Rule 26(b)(1), as amended on December 1, 2015, recognizes that "[i]nformation is discoverable . . . if it is relevant to any party's claim or defense and is proportional to the needs of the case." Rule 26 Advisory Committee Notes to 2015 Amendments; *see Sibley v. Choice Hotels Int'l*, No. CV 14-634, 2015 WL 9413101, at *2 (E.D.N.Y. Dec. 22, 2015) (recognizing that "the current version of Rule 26 defines permissible discovery to consist of information that is, in addition to being relevant 'to any party's claim or defense,' also 'proportional to the needs of the case.'") (internal citation omitted). Notably, although Rule 26 still permits a wide range of discovery based upon relevance and proportionality, the "provision authorizing the court . . . to order discovery of any matter relevant to the subject matter involved in the action" has been eliminated. Rule 26 Advisory Committee Notes to 2015 Amendments; *see Sibley*, 2015 WL 9413101, at *2 (internal citation omitted). The rationale behind the elimination of this phrase is the reality that it "has been used by some, incorrectly, to define the scope of discovery." Rule 26 Advisory Committee Notes to 2015 Amendments. Thus, Rule 26(b)(1), as amended, although not fundamentally different in scope from the previous version "constitute[s] a reemphasis on the importance of proportionality in discovery but not a substantive change in the law." *Vaigasi v. Solow Mgmt. Corp.*, No. 11 CIV 5088, 2016 WL 616386, at *13 (S.D.N.Y. Feb. 16, 2016); *see Robertson v. People Magazine*, No. 14 Civ. 6759, 2015 WL 9077111 at *2 (S.D.N.Y. Dec. 16,

2015) ("[T]he 2015 amendment [to Rule 26] does not create a new standard; rather it serves to exhort judges to exercise their preexisting control over discovery more exactly.").

**B.     Application to the Facts**

*1.     Motion to Compel Compliance*

The Court has reviewed Plaintiff's subpoena for documents from Soni Holdings, and determines that by and large, the documents Plaintiff seeks are "relevant and material to the allegations and claims at issue in the proceedings." *Night Hawk Ltd*, 2003 WL 23018833, at *8. The instant case is a contract dispute, at the heart of which is the nature of two agreements: the Note and the Guaranty. Specifically, Defendant alleges he did not execute the Guaranty, which would legally obligate him to the Plaintiff for the value of the Note. Defendant is a member of non-party Soni Holdings, the entity that executed the Note. Soni Holdings is owned by Anjali Soni, the mother of Defendant Om P. Soni. The son of Defendant Om P. Soni, Kunal Soni, is the manager of the entity. Given the relationship between Defendant and non-party Soni Holdings as represented in the parties' motion papers, it is reasonable in the Court's view to expect Soni Holdings to conduct a thorough search for responsive documents that are in its possession, custody, or control, and to explain under oath why it is unable to produce certain documents.

Although the instant motion concerns documents sought in a subpoena to a non-party rather than Rule 34 document requests served upon a party, in the Court's view, the logic underpinning Rule 34 is helpful in determining the scope of non-party Soni Holding's obligations under a Rule 45 document subpoena. "[T]he vast majority of federal cases [ ] hold[ ] that Rule 34(a) of the Federal Rules of Civil Procedure, which allows document requests to be made as to 'items in the responding party's possession, custody, or control,' enables a party

9

seeking discovery to require production of documents beyond the actual possession of the opposing party if such party has retained any *right or ability to influence* the person in whose possession the documents lie." *N. Mariana Islands v. Millard*, 287 F.R.D. 204, 209 (S.D.N.Y. 2012) (internal quotations omitted) (emphasis in original); *Bank of N.Y. v. Meridien BIAO Bank Tanz. Ltd.,* 171 F.R.D. 135, 146 (S.D.N.Y. 1997); *accord In re Flag Telecom Holdings, Ltd. Sec. Litig.,* 236 F.R.D. 177, 180 (S.D.N.Y. 2006) ("'If the producing party has the legal right or the practical ability to obtain the documents, then it is deemed to have 'control,' even if the documents are actually in the possession of a non-party.'") (quoting *Riddell Sports Inc. v. Brooks,* 158 F.R.D. 555, 558 (S.D.N.Y. 1994))); *Annunziato v Collecto, Inc.*, 304 F.R.D. 360, 363 (E.D.N.Y. 2015) (finding that where a non-party was an agent of a party, the principal-agent relationship established the necessary control such that party-principal had the "right, authority or practical ability to obtain [ ] documents from [the] non-party to the action"); *Gruss v. Zwirn*, 296 F.R.D. 224, 230 (S.D.N.Y. 2013) (finding that "control" of documents does not require legal ownership or physical possession).

To the extent that Soni Holdings is capable of obtaining documents responsive to Plaintiff's subpoena, even if the documents are not in its immediate possession or custody, the Court finds it appropriate that Soni holdings be required to obtain custody of such documents and produce them to Plaintiff. The Court therefore GRANTS Plaintiff's motion to the following extent:

1. Soni Holdings is hereby ordered to comply with the subpoena dated January 27, 2017, such that Soni Holdings shall produce documents responsive to the subpoen within 21 days of entry of this Order; to the extent Soni Holdings is withholding production of any responsive documents on the grounds of privilege, Soni Holdings shall also provide Plaintiff with an appropriate privilege log within 21 days of the date of this Order;

2. To the extent that Soni Holdings continues to maintain that it has no responsive documents or cannot obtain them from a third-party, Soni Holdings shall produce for

deposition within 45 days of entry of this Order its corporate representative who has knowledge of the record-keeping of the organization, where these documents are/were located, who had access to the documents, what happened to the documents, etc. The costs associated with the court reporter and transcript shall be borne by non-party Soni Holdings;

3. Soni Holdings shall produce to the Plaintiff the flash drive which the Court finds is within the control of the corporation although it may not currently be in its possession. Plaintiff is limited to inspecting the flash drive solely for documents relating directly to the Note and Guaranty at issue in this case. The Court directs that non-party Soni Holdings shall retain its right to assert a privilege over any document contained on the flash drive and such privilege shall not be waived by virtue of the inspection. In the alternative, if Soni Holdings does not wish to turn over the flash drive, then it shall conduct the inspection itself and turn over to Plaintiff within 30 days any documents relating to the Note and Guaranty.

4. Within 10 days of the issuance of this Order, Plaintiff and Defendant are directed to file with the Court an executed Stipulation and Order of Confidentiality, the scope of which shall cover any confidential materials produced by non-party Soni Holdings.

The Court recognizes that with respect to document demand number 12 in the subpoena rider, this Court previously granted Defendant a protective order precluding discovery of Defendant Om P. Soni's individual tax returns without Plaintiff first taking Defendant's deposition. *See* DE 20. That ruling remains in effect.

### 2. *Motion for Fees and Costs*

As to Plaintiff's motion for attorneys' fees and costs associated with this motion, the Court in its discretion declines to make such an award at this time. However, both Defendant Om P. Soni and non-party Soni Holdings are hereby on notice that any failure to comply with this Order will result in the imposition of sanctions. **Further, both Defendant Om P. Soni and non-party Soni Holdings are further notified that any failure to comply with this Order shall result in an immediate contempt hearing before this Court.**

### 3. *Defendant's Third Motion for a Protective Order*

As noted, Defendant Om P. Soni has moved for a protective order on behalf of Soni Holdings to preclude the discovery of documents pursuant to a subpoena served on Soni Holdings in a separate but related action, *New Falls Corporation v. Soni Holdings, LLC*, MC 18-1111. *See* DE 45. This Court has no jurisdiction with regard to discovery issues pending in a completely separate litigation before different judges. Plaintiff's motion is therefore DENIED.

## IV. CONCLUSION

For the reasons set forth in this Memorandum and Order, Plaintiff's motion to enforce the subpoena is GRANTED to the extent set forth in this Memorandum and Order, and Defendant's third motion for a protective order is DENIED.

**SO ORDERED.**

Dated: Central Islip, New York
July 5, 2018

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge