# VLOCK & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

| | |
|---|---|
| 630 THIRD AVENUE<br>18TH FLOOR<br>NEW YORK, NEW YORK 10017 | Tel: (212) 557-0020<br>Fax: (212) 574-3365<br>www.vlocklaw.com |

July 11, 2019

VIA ECF

The Honorable A. Kathleen Tomlinson
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

  Re: New Falls Corporation v. Om P. Soni
     Case No. 16-cv-6805(ADS)(AKT)

Dear Magistrate Judge Tomlinson:

This office represents Plaintiff, New Falls Corporation, in the above-referenced action.

Pursuant to Local Rule 37.1, we respectfully request that the Defendant be directed to produce all Tax Return Information from 2006 to present for all Trusts within which Om P. Soni and/or Anjali Soni have or had any interest in, including but not limited to the Om P. Soni Irrevocable Family Trust, whether or not the same exists today. In addition, we respectfully request that the Defendant be directed to sign Consent Agreements to obtain their Individual Tax Returns and the Tax Returns referable to all Trusts within which Om P. Soni and/or Anjali Soni have or had any interest in, including but not limited to the Om P. Soni Irrevocable Family Trust.

As the Court is aware, Plaintiff took the deposition of non-party John Colbert on June 25, 2019, a former employee of the Defendant. During the deposition, Mr. Colbert testified that the Defendant began transferring his assets into the name(s) of various trust(s) during the time which he was indebted to Plaintiff which is the subject of this action. As the Court may be aware, Mr. Colbert's testimony is corroborated since the Om P. Soni Irrevocable Family Trust is one such trust and is the subject of the action entitled, "New Falls Corporation v. Om P. Soni, et al," Case No. 8-cv-02768-ADS-AKT ("Mansion Fraud Case"), which concerns the fraudulent conveyance of the Defendant's multi-million dollar mansion allegedly to the trust.

## VLOCK & ASSOCIATES, P.C.

In this case, among other issues, we are seeking to demonstrate that the Defendant benefited from the Note and Guaranty he signed, which he denies. The Tax Return information of the Individual Defendant and his entity, Soni Holdings, LLC, have has been judicially determined to be relevant. Nevertheless, multiple assets which were owned by the Defendant and his company, Soni Holdings, LLC, were not present in the incomplete tax returns provided to Plaintiff. Therefore, the testimony by non-party John Colbert regarding the conveyances to various trusts and the above-referenced Mansion Fraud Case demonstrates that the said tax returns of the trusts will likely contain relevant information to this action.

On July 1, 2019, this office sent a demand to Defendant's counsel, Robert Bean, Esq., and Kenneth Reynolds, Esq., who purportedly represents non-party Anjali Soni, who is Defendant's wife. Specifically, we requested that the Defendant produce:

1. All Tax Return Information from 2006 to present for all Trusts within which Om P. Soni and/or Anjali Soni have or had any interest in, including but not limited to the Om P. Soni Irrevocable Family Trust, whether or not the same exists today; and

2. Consent Agreements for Plaintiff to obtain their Individual Tax Returns and the Tax Returns referable to all Trusts within which Om P. Soni and/or Anjali Soni have or had any interest in, including but not limited to the Om P. Soni Irrevocable Family Trust, directly from any tax preparer.

Copies of Plaintiff's demand, dated July 1, 2019, and the Consent Agreements are attached hereto.

In spite of Plaintiff's good faith attempt to resolve this issue, Defendant's counsel, Robert Bean, and counsel for Anjali Soni, Kenneth Reynolds, Esq., have failed to respond thereto, which has forced Plaintiff to prepare and file the instant letter motion.

The Defendant was ordered to produce his full tax returns pursuant to the Order, dated April 25, 2019 and stated that if Plaintiff were able to demonstrate that, in good faith, that some fraud or other impropriety exists with respect to the tax documents received from the Sonis, Plaintiff can then can come back to the Court and seek further relief [DE 104].

Indeed, Defendant has still failed to produce the full tax returns from 2006 to present. Specifically, the tax return information provided is incomplete and clearly doctored, as we predicted to the Court. **Specifically, there are missing pages and missing supporting documentation, including not limited to all of the K1's and properties owned by the Defendant and Soni Holdings, LLC**. Notably, the Tax Returns provided indicate that in 2006 to 2008, they were prepared by Alan Grossman, CPA, PC, not non-party Kanwal Kapur, who has yet to be deposed. Thus, Plaintiff should be able to obtain the tax return information from any CPA, including Mr. Grossman and Mr. Kapur.

Accordingly, pursuant to this Court's Order, dated April 25, 2019 [DE 104], Defendant should be directed to produce all Tax Return information from 2006 to present for all Trusts within which Defendant has or had any interest in, including but not limited to the Om P. Soni Irrevocable Trust.

VLOCK & ASSOCIATES, P.C.

Furthermore, Defendant should be directed to execute the attached Consent Agreements so that Plaintiff can obtain the full relevant tax returns and supporting information, including but not limited to K1's, directly, without any further unlawful interference by the Defendant or his counsel. Moreover, given the testimony of non-party John Colbert, as well as the tax returns indicating the tax preparer from 2006 to 2008, Plaintiff shall need to take the non-party deposition of Alan Grossman, CPA after receipt of the above-referenced items as soon as possible.

Thank you for your consideration.

Very truly yours,

*s/Steven Giordano*

Steven Giordano

cc: Robert Bean, Esq. (by ECF)
    Kenneth Reynolds, Esq. (by ECF)

1459.00000