**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
NEW FALLS CORPORATION,

                            Plaintiff,

          -against-

OM P. SONI,

                         Defendant.

------------------------------------------------------------X

              **MEMORANDUM**
              <u>**AND ORDER**</u>

          CV 16-6805 (ADS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.**    <u>PRELIMINARY STATEMENT</u>

      The instant action is one of several filed by Plaintiff New Falls Corporation ("Plaintiff") which grows out of the same alleged factual nexus. *See New Falls Corporation v. Om P. Soni, Anjali Soni, and Sudershal Sethi*, No. l8-CV-2768; *New Falls Corporation v. Soni Holdings, LLC*, No. 18-MC-1111, *New Falls Corporation v. Soni Holdings, LLC, Kunal Soni, Anjali Soni, 632 MLK Blvd Jr LLC, Om P. Soni, Soni Capital Resources, LLC, Kanwal Kapur, Weanona Hugie, and Richard Spears*, No. 19-CV-0449. Each of these actions arises from the non-payment of a promissory note executed on May 14, 2007 by non-party Soni Holdings, LLC ("Soni Holdings") to Plaintiff's predecessor-in-interest, AmSouth Bank, for a business loan in the amount of $310,216.50 (the "Note"). *See generally* Complaint ("Compl.") [DE 1]. This action alleges that Defendant Om P. Soni ("Defendant" or "Soni") executed a Guaranty Agreement (the "Guaranty") contemporaneous with the execution of the Note, through which he personally guaranteed the obligations under the Note. *Id*. ¶ 6. Plaintiff seeks to recover the principal sum of $204,559.72, along with interest allegedly owed by Defendant Soni under the Guaranty. *See generally* Compl.

Despite the straightforward nature of the singular claim raised in this action, this case has dragged on for nearly four years, generating extensive motion practice.  While this motion practice is substantially attributable to the Defendant's and various non-parties' history of non-compliance with their discovery obligations, it also attributable to Plaintiff's repeated efforts to expand these discovery obligations beyond the scope of what is proportional to the needs of this case.  In addition, counsel for both parties have consistently filed motions without following the proper practices and procedures of the Federal Rules of Civil Procedure and the Local Rules of this District -- resulting in still further submissions which have interfered with the efficient resolution of Plaintiff's claims.  As discussed below, the motions currently pending before the Court are no exception.

The motions at issue here include:  (1) Plaintiff's motion to compel the Defendant and non-party Anjali Soni to produce, among other things, tax returns for all trusts in which they have any interest from 2006 to the present [DE 121]; (2) Defendant's cross-motion for a protective order seeking to preclude the production of the tax returns sought by the Plaintiff [DE 138]; (3) Plaintiff's motion for leave to move for contempt against the Internal Revenue Service ("IRS") [DE 146]; (4) Defendant's motion to enforce the Stipulation and Order of Confidentiality or, alternatively, for a protective order [DE 147] and non-party Anjali Soni's "joining" the motion [DE 149]; and (5) Plaintiff's motion to retain unredacted documents inadvertently produced by non-party Kanwal Kapur, CPA ("Kapur") [DE 150].

II.    <u>A</u>PPLICABLE <u>L</u>EGAL <u>S</u>TANDARD

A.    **Federal Rule of Civil Procedure 26(b)**

Rule 26(b)(1) of the Federal Rules of Civil Procedure, as amended in December 2015,

governs the scope of discovery in federal court cases.  Under Rule 26(b)(1), a party is entitled to

discover "nonprivileged matter that is relevant to any party's claim or defense and proportional to

the needs of the case."  FED. R. CIV. P. 26(b)(1).  "This rule is liberally construed and is

necessarily broad in scope."  *MacCartney v. O'Dell,* No. 14-CV-3925, 2018 WL 5023947, at *2

(S.D.N.Y. Oct. 17, 2018).

"Information is relevant if: (a) it has any tendency to make a fact more or less probable

than it would be without the evidence; and (b) the fact is of consequence in determining the

action.  Relevance is a matter of degree, and the standard is applied more liberally in discovery

than it is at trial."  *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV-5088, 2016 WL 616386, at *11

(S.D.N.Y. Feb. 16, 2016) (internal quotations and citations omitted).  Still, even relevant

information must be "reasonably proportional to the value of the requested information, the

needs of the case, and the parties' resources."  *Huggins v. Chestnut Holdings Inc.*, No. 18-CV-

1037, 2019 WL 2616252, at *2 (S.D.N.Y. June 25, 2019) (citing *Chen-Oster v. Goldman, Sachs

& Co.*, 293 F.R.D. 557, 562 (S.D.N.Y. 2013) (internal citation omitted)).  Proportionality, which

"focuses on the marginal utility of the discovery sought," goes hand-in-hand with relevance,

such that "the greater the relevance of the information in issue, the less likely its discovery will

be found to be disproportionate."  *Vaigas*, 2016 WL 616386, at *14.

Further, "[t]he party seeking discovery must make a *prima facie* showing that the

discovery sought is more than merely a fishing expedition."  *Mamakos v. United Airlines, Inc.*,

No. 14-CV-7294, 2018 WL 4861392, at *2 (E.D.N.Y. Sept. 28, 2018) (citations omitted); *see*

*also Citizens Union of City of New York v. Attorney Gen. of New York*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017); ("The party seeking discovery bears the initial burden of proving the discovery is relevant."); *Mandell v. The Maxon Co., Inc.*, No. 06-CV-0460, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) ("[T]he party seeking discovery bears the burden of initially showing relevance."). Once the requesting party has made a *prima facie* showing of relevance, "it is up to the responding party to justify curtailing discovery." *Fireman's Fund Ins. Co. v. Great American Ins. Co. of New York*, 284 F.R.D. 132, 134 (S.D.N.Y. 2012); *see also Winfield v. City of New York*, No. 15-CV-5236, 2018 WL 716013, at *4 (S.D.N.Y. Feb. 1, 2018) ("The party seeking discovery bears the initial burden of proving the discovery is relevant, and then the party withholding discovery on the grounds of burden, expense, privilege, or work product bears the burden of proving the discovery is in fact privileged or work product, unduly burdensome and/or expensive."). However, "[g]eneral and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." *Lindsey v. Butler*, No. 11-CV-9102, 2017 WL 4157362, at *3 (S.D.N.Y. Sept. 18, 2017) (quoting *Melendez v. Greiner*, No. 01-CV-7888, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003)).

Rule 26(b)(2)(C) allows the court, on motion or on its own, to limit the extent of discovery. In general, "[a] district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F. 3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F. 3d 76, 103 (2d Cir. 2008)), *aff'd sub nom. Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2250, 189 L.Ed. 2d 234 (2014); *Barbara v. MarineMax, Inc.*, No. 12-CV-368, 2013 WL 1952308, at *3 (E.D.N.Y. May 10, 2013) ("Courts afford broad discretion in magistrates' resolution of discovery disputes.") (collecting cases).

4

## B.     Federal Rule of Civil Procedure 26(c)

Rule 26(c) provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending."  FED. R. CIV. P. 26(c)(1). Any motion made under Rule 26(c) "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  *Id*.   Pursuant to Rule 26(c), the court may issue a protective order upon a showing of "good cause" to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  *Id*.  The party seeking a protective order bears the burden of demonstrating that good cause exists for the issuance of that order.  *See Morrison v. Langrick,* No. 18-CV-6127, 2020 WL 1536336, at *2 (E.D.N.Y. Mar. 31, 2020) (citing *Dorsett v. County of Nassau*, 762 F. Supp. 2d 500, 514 (E.D.N.Y. 2011), *aff'd sub nom*. *Dorsett v. County of Nassau*, 730 F. 3d 156 (2d Cir. 2013)).  "To show good cause, particular and specific facts must be established rather than conclusory assertions."  *New Falls Corp. v. Soni,* No. 16-CV-6805, 2018 WL 895504, at *3 (E.D.N.Y. Feb. 13, 2018) (quoting *AMW Material Testing, Inc. v. Town of Babylon*, 215 F.R.D. 67, 72 (E.D.N.Y. 2003)); *see also Coggins v. Cty. of Nassau*, No. 07-CV-3624, 2014 WL 495646, at *2 (E.D.N.Y. Feb. 6, 2014).

"[I]f the movant establishes good cause for protection, the court may balance the countervailing interests to determine whether to exercise discretion and grant the order."  *Id*. (quoting *Hasbrouck v. BankAmerica Hous. Servs.,* 187 F.R.D. 453, 455 (N.D.N.Y.), *aff'd sub nom. Hasbrouck v. BankAmerica Hous. Servs., Inc.,* 190 F.R.D. 42 (N.D.N.Y. 1999); *see also Janfeshan v. U.S. Customs & Border Prot.,* No. 16-CV-6915, 2018 WL 741369, at *3 (E.D.N.Y. Feb. 7, 2018) ("Although the burden is on the movant to establish good cause, courts must balance the interests of both parties in devising an order.").  Ultimately, district courts "have

substantial latitude" in determining whether to enter a protective order.  *Coggins*, 2014 WL

495646, at *2 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 26 (1984)); *Dukes v.

NYCERS*, 331 F.R.D. 464, 473 (S.D.N.Y. 2019) ("Rule 26(c) confers broad discretion on the trial

court to decide when a protective order is appropriate and what degree of protection is

required.") (quoting *Seattle Times*, 467 U.S. at 26).

### C.    Federal Rules of Civil Procedure 34, 37, and 45

Rule 45 of the Federal Rules of Civil Procedure permits a party to obtain documents from

a non-party that is in its "possession, custody, or control."  FED. R. CIV. P. 45(a)(1)(A)(iii).  "The

discovery parameters set forth in Rule 26 also apply to subpoenas served upon non-parties."

*Citizens Union of City of New York v. Attorney Gen. of New York,* 269 F. Supp. 3d 124, 138–39

(S.D.N.Y. 2017); *see also In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011)

("Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1).").

The subpoena must "(i) state the court from which it issued; (ii) state the title of the action and its

civil-action number; (iii) command each person to whom it is directed to do the following at a

specified time and place … produce designated documents, electronically stored information, or

tangible things in that person's possession, custody, or control."  FED. R. CIV. P. 45(a)(1)(A).  "If

the subpoena commands the production of documents ... then before it is served on the person to

whom it is directed, a notice and a copy of the subpoena must be served on each party."  FED. R.

CIV. P. 45(a)(4).  "The purpose of the requirement of prior notice is to afford the other parties an

opportunity to object to the production or inspection, or to serve a demand for additional

documents or things."  *Cole v. City of New York*, No. 10-CV-5308, 2012 WL 1138570, at *3

(S.D.N.Y. Apr. 5, 2012) (citation omitted).  "A person commanded to produce documents ... may

serve on the party or attorney designated in the subpoena a written objection," which "must be

served before the earlier of the time specified for compliance or 14 days after the subpoena is served." FED. R. CIV. P. 45(d)(2)(B).  "If an objection is made, ... [a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production." FED. R. CIV. P. 45(d)(2)(B)(i); *see also* FED. R. CIV. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things").

Rule 34(a) of the Federal Rules of Civil Procedure permits a party to serve on any other party a request for documents and electronically stored information within the scope of Rule 26(b)(1) that are in its "possession, custody, or control." FED. R. CIV. P. 34(a).  The request must "describe with reasonably particularity each item or category" of documents and information sought and "specify a reasonable time, place, and manner for the inspection." FED. R. CIV. P. 34(b)(1)(A).  The responding party must then produce the requested documents "or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B).  This response must be provided within 30 days of being served with the request for documents. FED. R. CIV. P. 34(b)(2)(A).

Rule 37(a) of the Federal Rules of Civil Procedures allows a party to "move for an order compelling disclosure or discovery" if "a party fails to produce documents" requested under Rule 34. FED. R. CIV. P. 37(a)(1), (a)(3)(iv).  Any motion made under Rule 37(a) "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37 (a)(1).  Similarly, Local Rule 37.3 requires the party seeking discovery to "attempt to confer in good faith in person or by telephone in an effort to resolve the dispute, in conformity with FED. R. CIV. P. 37(a)(1)." *See* Local Civil Rule 37.3.  "Motions to compel are

left to the court's sound discretion." *Alvarado v. GC Dealer Servs. Inc.,* No. 18-CV-2915, 2018 WL 6322188, at *2 (E.D.N.Y. Dec. 3, 2018) (citing *Mirra v. Jordan*, No. 13-CV-5519, 2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016); *see also Liberty Mut. Ins. Co. v. Kohler Co.*, No. 08-CV-0867, 2010 WL 1930270, at *2 (E.D.N.Y. May 11, 2010) ("[A] motion to compel is entrusted to the sound discretion of the district court.").

## III.   APPLICATION

### A.   Plaintiff's Motion to Compel and Defendant's Cross-Motion for a Protective Order

Plaintiff filed a letter motion to compel Defendant Soni and non-party Anjali Soni to produce: (1) "all Tax Return Information from 2006 to present for all Trusts within which Om P. Soni and/or Anjali Soni have or had any interest in, including but not limited to the Om P. Soni Irrevocable Family Trust"; (2) executed Consent Agreements permitting the Plaintiff to obtain "Tax Returns referable to all Trusts within which Om P. Soni and/or Anjali Soni have or had any interest in, including but not limited to the Om P. Soni Irrevocable Family Trust … directly from any tax preparer"; and (3) executed Consent Agreements permitting the Plaintiff "to obtain their individual Tax Returns ... directly from the taxpayer." DE 121 at 1. Defendant opposed the motion [DE 122] and subsequently filed a cross-motion for a protective order seeking to preclude the production of the requested documents [DE 138-1] on both procedural and substantive grounds. Defendant argues that: (1) Plaintiff's underlying request for documents does not comply with either Rule 34 or Rule 45; (2) Plaintiff's counsel failed to comply with Rule 26 and Local Rule 37.3 by not undertaking the required meet and confer prior to bringing its motion; (3) the requested documents are not relevant to the instant action; and (4) there is no justification for the execution of the requested Consent Agreements because the individual tax returns produced do not contain the documents purportedly missing. *See* DE 122; DE 138-1.

8

### a.    Procedural Deficiencies

As an initial matter, the Court will address several procedural deficiencies presented in Plaintiff's motion to compel which in themselves warrant denial of the motion.

*First*, Plaintiff's counsel did not comply with Local Rule 37.3 or Rule 37, in that he failed to submit a certification that he met and conferred in good faith with counsel for Defendant Soni and non-party Anjali Soni to resolve the disputes raised in the motion.  Although Plaintiff's counsel states in passing that "[i[n spite of Plaintiff's good faith attempt to resolve this issue, Defendant's counsel … and counsel for Anjali Soni … have failed to respond thereto," it is unclear how, if at all, counsel attempted in good faith to resolve the discovery disputes.  *See* DE 121 at 2.  Plaintiff sent an informal request for documents to Defendant Soni and non-party Anjali Soni through email correspondence on July 1, 2019 and filed a motion to compel the production of these documents on July 11, 2019.  *See* DE 121; DE 121-1.  Given this short timeline and counsel's conclusory reference to a "good faith attempt to resolve the issue," the Court concludes that no meaningful effort to meet and confer was made as required by Rule 37 and Local Rule 37.3.

The Court also points out that Defendant's counsel likewise failed to fulfill his obligations to meet and confer with Plaintiff's counsel prior to bringing his cross-motion for a protective order as required by Rule 26(c).  Although Defendant's counsel states in a footnote that he attempted to meet and confer by email correspondence, Local Rule 37.3 expressly obligates counsel to "attempt to confer in good faith **in person or by telephone** in an effort to resolve the dispute."  Local Civ. R. 37.3 (emphasis added).  Counsel are required to engage in substantive discussions about any discovery dispute.  The Court does not accept "hit-and-run" emails as fulfilling that requirement.  The contentiousness of counsel on both sides has marked

much of this action and the related actions, resulting in excessive motion practice and filings which would have been unnecessary had counsel fulfilled their obligations under the Federal Rules and Local Rules.  Counsel are on notice that any future motion which fails to include a certification of the parties' efforts to confer in good faith in person or by telephone, pursuant to Local Rule 37.3, will be automatically denied and may also result in sanctions.

*Second*, there is a dispute as to whether Plaintiff's July 1, 2019 email correspondence complies with the various procedural requirements of Rule 34 or Rule 45.  The Court points out that there is a distinction in caselaw within the Second Circuit as to whether a motion to compel should be denied where, as here, an informal discovery request is made which does not comply with the literal form and content requirements of the Federal Rules of Civil Procedure. Plaintiff's counsel maintains that during the deposition of non-party John Colbert, a former employee of the Defendant (*i.e.*, former CFO of Sonix, Inc.), the witness testified that Defendant Soni began transferring assets into variously named trusts during the time that Soni was indebted to the Plaintiff.  DE 121. Consequently, Plaintiff argues, Colbert's testimony regarding the conveyances to various trusts demonstrates that the tax returns of the trusts likely contain relevant information for this case.  *Id*.  In addition to claiming that Plaintiff's July 1, 2019 email demand for these documents was procedurally defective, Defendant's counsel contends that Colbert left Sonix in 2010 and that his testimony "amounts to rumors at best."  DE 122.

Defendant's assertion of a procedural defect here is misplaced.  There is a distinct difference between a discovery demand served as part of the ordinary exchange of demands under Rule 34 and a demand for documents referenced at a deposition -- or in a paper follow-up after a deposition -- which have not been produced to date.  The latter does not require formal service of a demand under Rule 34.  It is well-settled among district courts within this Circuit

that "an oral request for documents made during a deposition need not be followed up with a

'formal' document demand in order to trigger the producing party's obligation to respond."

*Ferlito v. County of Suffolk*, 06-CV-5708, 2009 WL 10702834, at *2 (E.D.N.Y. Sept. 25, 2009);

*see, e.g., Alter v. Rocky Point Sch. Dist.*, No. 13-CV-1100, 2014 WL 4966119, at *6 (E.D.N.Y.

Sept. 30, 2014) (enforcing oral document request at deposition in lieu of formal Rule 34(a)

document request); *Alexander Interactive, Inc. v. Adorama, Inc.,* No. 12-CV-6608, 2014 WL

61472, at *5 n. 2 (S.D.N.Y. Jan.6, 2014) ("While Rule 34 contemplates only written document

requests, it is common practice in this District for lawyers to make oral requests during

depositions.") (citing *Jackson v. Novell, Inc.,* No. 94-CV-3593, 1995 WL 144802, at *1

(S.D.N.Y. April 3, 1995); *Kara Holding Corp. v. Getty Petroleum Mktg., Inc.*, 2002 WL 475125,

at *5 (S.D.N.Y. Mar. 28, 2002) (directing production of documents that the plaintiff "requested

formally at depositions")).  Oral requests for documents made during depositions may be

enforced in motions to compel.  *Alexander Interactive, Inc. v. Adorama, Inc.,* 2014 WL 61472, at

*5 n. 2.  Without considering any other factors, there was no requirement for Plaintiff's counsel

to give strict adherence to the formalities of service of Rule 34 requests.

However, the Court finds that Plaintiff's informal discovery request suffers from other

deficiencies which render it unenforceable in the Court's view.  As pointed out by the Defendant,

neither the Defendant nor non-party Anjali Soni were given a reasonable time to respond and

raise objections to Plaintiff's request.  *See Michael Kors, L.L.C. v. Su Yan Ye,* No. 18-CV-2684,

2019 WL 1517552, at *2 (S.D.N.Y. Apr. 8, 2019) ("Both the requesting and responding parties

are expected to act in accordance with both the letter and intent of the [Federal] Rules.").

Plaintiff's counsel sent an email request for documents to counsel for the Defendant and the non-

party on July 1, 2019 and brought its motion to compel a mere ten days later.  *See* DE 121;

DE 121-1.  This did not afford the Defendant an opportunity to respond and raise objections to the request within a reasonable time – or, in the case of non-party Anjali Soni, within 14 days as permitted under Rule 45.  *See* FED. R. CIV. P. 45(d)(2).  Having prematurely brought its motion to compel, Plaintiff in essence precluded the Defendant and non-party from preserving any objections to the request for documents.  *See Sheet Metal Workers' Nat'l Pension Fund v. Amodeo,* No. 09-CV-0121, 2016 WL 3080807, at *6 (E.D.N.Y. May 27, 2016) ("Rule 45 contemplates assertion of all objections to document production within 14 days," and "[t]he fourteen day time limitation to serve written objections to a subpoena is crucial as failure to do so typically constitutes a waiver of such objections.") (internal citation omitted).

Further, as it relates to non-party Anjali Soni, Plaintiff failed to serve a notice and a copy of the subpoena on the other party here, namely, Defendant Om Soni ***prior*** to serving the request, as required under Rule 45.  *See* FED. R. CIV. P. 45(a)(4).  The Court points out that these procedural deficiencies could have been avoided had Plaintiff's counsel fulfilled his obligations under Rule 37.3 as well as Rule 45 before jumping the gun to serve the requests and file the motion.  Instead, time and resources that could have been used to attempt a resolution have been unnecessarily expended in addressing these matters.

*Third*, Plaintiff's motion fails to comply with Local Rule 37.1 which requires any motion involving discovery requests or responses to:  (1) "specify and quote or set forth verbatim…each discovery request and response to which the motion or application is addressed"; and (2) "set forth the grounds upon which the moving party is entitled to prevail as to each request or response."  *See* Local Civil Rule 37.1.  The Court points out that had Plaintiff not prematurely filed its motion to compel, the Defendant and non-party would have been required to make a response, which Plaintiff would then have been in a position to set forth as their responses and

12

the grounds upon which they objected.  Compliance with Rule 37.1 is critical in ensuring that the Court does not waste judicial resources and has the opposing party's answer, the nature of each party's arguments, and the relevant case law cited in support of each party's position.

*Fourth*, Plaintiff's motion fails to include any caselaw in support of its purported entitlement to the information it seeks.

Although the foregoing procedural deficiencies in themselves warrant the denial of Plaintiff's motion to compel, the Court will address the motion given the passage of time since the filing and the procedural posture of this case.  However, counsel are on notice that any future motions which fail to comply with the Federal Rules and Local Civil Rules will be automatically denied and may also result in sanctions.

> ### b. *Trust Tax Returns*

Plaintiff seeks "[a]ll Tax Return Information from 2006 to present for all trusts within which Om P. Soni and/or Anjali Soni have or had any interest in, including but not limited to the Om P. Soni Irrevocable Family Trust, whether or not the same exists today."  DE 121 at 2. Plaintiff argues that the tax returns for the trusts in which the Defendant and non-party Anjali Soni have or had any interest in the trusts "will likely contain relevant information to this action" based on the deposition testimony of non-party John Colbert ("Colbert") and the existence of the related action entitled *New Falls Corporation v. Om P. Soni, Anjali Soni, and Sudershal Sethi*, No. l8-CV-2768.  *See* DE 121 at 1; DE 139 at 1.  According to Plaintiff, non-party Colbert, a former employee of the Defendant, purportedly testified that the Defendant began transferring ownership of his assets/entities when he was indebted to Plaintiff.  *Id*.  Further, the related action, CV 18-2768, alleges that the Defendant, among others, fraudulently conveyed certain real property to a family trust to avoid re-payment of the same Note/Guaranty at issue in this action.

In opposition to Plaintiff's motion and in support of his cross-motion for a protective order, Defendant Soni argues that the trusts' tax returns bear no relevance to the instant action and are improperly being sought to gain information for the related actions filed by Plaintiff. *See* DE 138-1 at 3; DE 122 at 2.  Defendant Soni further disputes Plaintiff's characterization of non-party Colbert's deposition testimony, arguing that Colbert testified he was not involved with Soni Holdings, did not have any first-hand knowledge of Defendant Soni transferring assets to trusts, and did not know whether Soni actually transferred assets to any trusts or when these assets were transferred.  *See id.*; DE 122 at 1-2.

Courts are generally reluctant to order the production of personal financial documents and have imposed a heightened standard for the discovery of tax returns.  *See Chen v. Republic Rest. Corp.,* No. 07-CV-3307, 2008 WL 793686 at *2 (S.D.N.Y. Mar. 26, 2008) (holding that "[a]lthough tax returns are not privileged documents, Court[s] are reluctant to order their discovery in part because of the 'private nature of the sensitive information contained therein, and in part from [sic] the public interest in encouraging the filing by taxpayers of complete and accurate returns'").  A party seeking to compel production of tax returns in civil cases must meet a two-part showing: "(1) the returns must be relevant to the subject matter of the action and (2) there must be a compelling need for the returns because the information is not 'otherwise readily obtainable.'"  *Carmody v. Village of Rockville Centre*, No. 05-CV-4907, 2007 WL 2042807 at *2 (E.D.N.Y. July 13, 2007) (citing *United States v. Bonanno Family of La Cosa Nostra*, 119 F.R.D. 625, 627 (E.D.N.Y. 1988)).

Here, Plaintiff has failed to meet the higher threshold required for the Court to compel the production of the requested tax returns.  Although the Court acknowledges that Defendant's arguments regarding non-party Colbert's testimony may have certain merit, even assuming

14

Colbert testified that Defendant began transferring ownership of his assets when he was indebted to Plaintiff, it remains unclear how that factor bears any relevance to the instant action at this stage of the proceedings.  As Plaintiff's counsel noted, the related action under CV l8-2768 alleges that the Defendant Soni fraudulently conveyed certain real property to a family trust to allegedly avoid re-payment of the Note/Guaranty.  The instant action, however, simply seeks the amount owed under the Note/Guaranty as a single cause of action, based on principles of contract law, and does not involve any claims for fraudulent conveyance.  If non-party Colbert's testimony is as Plaintiff characterizes it, the trusts' tax returns may be relevant to the related action, CV 18-2768, but Plaintiff has not provided any direct explanation as to how the tax returns are relevant to this action.

Although Plaintiff's counsel claims he is "seeking to demonstrate that the Defendant benefited from the Note and Guaranty he signed," counsel fails to articulate how the trusts' tax returns would demonstrate that fact.  DE 121 at 2.  The Court also notes that Plaintiff repeatedly references the Court's prior findings that the Defendant and non-party Soni Holdings' tax returns are relevant to this action to ostensibly draw the conclusion that the subject trusts' tax returns are likewise relevant.  *See* DE 139.  Simply because the Court previously found certain tax returns relevant to this action does not create a forgone conclusion that any and all other tax returns Plaintiff seeks are also relevant.  The burden still remains with the Plaintiff to demonstrate that the requested trusts' tax returns are relevant to the claims or defenses in this action and proportional to the needs of the case.  *See Citizens Union of City of New York*, 269 F. Supp. 3d at 139 ("The party seeking discovery bears the initial burden of proving the discovery is relevant.").  Aside from the conclusory assertion that the tax returns "will likely contain relevant information," Plaintiff has not provided any explanation as to how the requested tax returns are

in fact relevant to this action and proportional to the needs of the case.  *See Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D.N.Y. 2004) ("[C]ourts should not grant discovery requests based on pure speculation that amount to nothing more than a fishing expedition.") (internal quotation omitted).  The Court also notes that Plaintiff failed to address, let alone demonstrate, that the information sought in the requested returns is not otherwise readily obtainable -- the second prong of the two-part test for the production of tax returns.

Accordingly, Plaintiff's motion to compel the production of the trusts' tax returns from 2006 to the present [DE 121] is DENIED, and Defendant Soni's cross-motion for a protective order precluding Plaintiff from obtaining the trusts' tax returns in this action [DE 138] is GRANTED.  For the same reasons, Plaintiff's motion to compel the production of an executed "Consent Agreement for Plaintiff to obtain … the Tax Returns referable to all [t]rusts within which [Defendant Soni and non-party Anjali Soni's] have or had any interest in … directly from any tax preparer" [DE 121] is DENIED.

### c.   *Individual Tax Returns*

Plaintiff also seeks to compel the production of executed "Consent Agreements for Plaintiff to obtain [Defendant Soni and non-party Anjali Soni's] Individual Tax Returns … directly from any tax preparer."  DE 121 at 2.  Previously, on April 25, 2019, the Court ordered the production of Defendant Soni and non-party Anjali Soni's tax returns from 2006 to the present and instructed Plaintiff that "[i]f, **<u>after</u>** receiving the individual tax returns from the Sonis and **<u>after</u>** receiving documents from and taking the deposition of Mr. Kapur, Plaintiff's counsel is able to show in good faith that some fraud or other impropriety exists with respect to the tax documents received from the Sonis, he can then come back to the Court and seek further relief."  DE 104 at 2 (emphasis added).  Plaintiff argues that "there are missing pages and missing

supporting documentation, including [but] not limited to all of the K-1s and properties owned by the Defendant and Soni Holdings, LLC." DE 121 at 2. In opposing the motion, Defendant argues that "a single member LLC's income is reported via a schedule, not a K-1" and that "Plaintiff can ask Mr. Kapur about the K-1s" at non-party Kapur's then-upcoming deposition. DE 122 at 2. Defendant also argues that the tax returns produced to Plaintiff were "sent directly [from] Mr. Kapur, Soni's accountant, to Plaintiff's attorney via 'Lock Box,'" and "never passed through the hands of the Plaintiff or his attorneys." *Id*.

As an initial matter, the Court finds that Plaintiff did not comply with this Court's April 25, 2019 Order, which directed that any further relief related to Defendant Soni and non-party Anjali Soni's individual tax returns must be made *after* both the receipt of the tax returns and the completion of non-party Kapur's deposition. *See* DE 104 at 2. Since Plaintiff sought further relief prior to completing the deposition of non-party Kapur, the Court is unable to review and consider Kapur's testimony regarding the alleged "missing pages and missing supporting documentation, including [but] not limited to all of the K1s and properties owned by the Defendant." This is yet another instance where Plaintiff has prematurely sought judicial intervention to resolve a discovery dispute.

Nonetheless, the Court finds that Plaintiff has not demonstrated "in good faith that some fraud or other impropriety exists with respect to the tax documents," in accordance with the Court's April 25, 2019 Order. As it relates to non-party Anjali Soni's tax returns, Plaintiff fails to allege any fraud or impropriety with her produced tax returns. Since Plaintiff did not clarify whether Defendant Soni and non-party Anjali Soni filed separate or joint tax returns, the Court assumes they filed separate returns since Plaintiff's motion focuses exclusively on Defendant Om Soni's returns. Plaintiff alleges that Defendant Om Soni's produced tax returns contain

"missing pages and missing supporting documentation."  DE 121 at 2.  This assertion, however, is vague and conclusory.  *See Norton v. Town of Islip,* No. 04-CV-3079, 2019 WL 4194271, at *10 (E.D.N.Y. Sept. 4, 2019) (denying motion to compel where movants "present no evidence substantiating their belief that additional responsive documents have been withheld."); *Carling v. Peters*, No. 10-CV-4573, 2011 WL 3678839, at *4 (S.D.N.Y. Aug. 19, 2011) ("Other than speculation ... [the defendant] offers no evidence that [the plaintiff] possesses [the requested] documents").

Plaintiff fails to provide any particularized information as to what documentation is missing and from which tax return this information is absent.  The only information identified as missing from the tax returns are Defendant OmSoni's K-1s, which Defendant's counsel contends do not exist.  *See Integrity Elecs., Inc. v. Garden State Distributors, Inc.,* No. 09-CV-2367, 2012 WL 1041349, at *2 (E.D.N.Y. Mar. 28, 2012) ("[A] court cannot compel the production of documents that do not exist."); *Atwell v. City of New York,* No. 07-CV-2365, 2008 WL 5336690, at *1 (S.D.N.Y. Dec.15, 2008) ("[A] party's good faith averment that the items sought simply do not exist, or are not in his possession, custody, or control, should resolve the issue of failure of production.").  Absent any reason to find otherwise, the Court accepts Defendant's assertion that no fraud has occurred because the tax returns were produced via Drop Box directly from non-party Kapur, the tax preparer for the lion's share of returns produced.

The Court has already permitted Plaintiff to obtain the requested tax documents directly from Defendant Soni and non-party Anjali Soni as well as the IRS.  Plaintiff has not made an adequate showing that some fraud or other impropriety exists with respect to the produced tax documents to warrant yet another mechanism for the receipt of the same documents.  *See* Fed. R. Civ. P. 26(b)(2)(C) ("[T]he court must limited the frequency and extent of discovery … if the

discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."). Accordingly, Plaintiff's motion to compel the production of executed "Consent Agreements for Plaintiff to obtain [Defendant Soni and non-party Anjali Soni's] Individual Tax Returns...directly from any tax preparer" is DENIED.

**B.    Plaintiff's Motion Seeking Leave to Move for Contempt**

Plaintiff filed a letter motion for leave to move for contempt against the IRS, to the extent that the IRS failed to comply with the Court's July 24 and August 6, 2019 Orders. DE 146. On July 24, 2019, the Court ordered the IRS to produce Defendant Soni and non-party Anjali Sonli's individual tax returns from 2006 to 2013 directly to this Court within 30 days of the Order. DE 127. The Court's July 24, 2019 Order annexed a Form 4506 executed by both Defendant Soni and non-party Anjali Sonli which redacted all social security numbers contained on the form. *Id*. Also, on August 6, 2019, the Court ordered the IRS to produce non-party Soni Holdings' tax returns from 2006 to 2013 directly to this Court within 30 days of the Order. DE 133. Similarly, the Court's August 6, 2019 Order annexed a Form 4506 executed by the manager of Soni Holdings which redacted all social security numbers contained on the form. *Id*. Although the redacted versions of the 4056 forms were annexed to the Court's Orders entered on the docket, the unredacted forms were executed in Court and provided to Plaintiff's counsel. *See* DE 97; DE 104.

Thereafter, on July 25 and August 6, 2019, respectively, Plaintiff filed Affidavits of Service indicating that it had served, by way of first-class mail and facsimile, the Court's July 24 and August 6, 2019 Orders on the IRS. *See* DE 130; DE 134. To date, the Court has not received any of the tax returns ordered by the Court on July 24 and August 6, 2019 and, as such,

Plaintiff seeks leave to file a motion for contempt against the IRS.  Having carefully reviewed the Affidavits of Service, it appears that Plaintiff served the IRS with the Court's July 24 and August 6, 2019 Orders which annexed the redacted versions of the 4056 forms.  Plaintiff, however, should have served the IRS with the Court's July 24 and August 6, 2019 Orders along with the unredacted versions of the 4056 forms provided in Court.  Since it does not appear that Plaintiff properly served the IRS with all of the information required for the production of the tax returns requested, Plaintiff's motion for leave to move for contempt against the IRS is DENIED. Even assuming that Plaintiff served the IRS with the requisite information, the Court notes that Plaintiff failed to include any caselaw which would authorize the Court to hold the IRS, as a non-party, in contempt in the first instance in these circumstances.  Without any supporting legal authority, the Court will not set a briefing schedule for the requested motion.

### C.      Defendant and Non-Party's Motions to Enforce

Defendant filed a letter motion to enforce the Stipulation and Order of Confidentiality ("Confidentiality Order") [DE 102] or, alternatively, for a protective order directing the parties to treat certain discovery as confidential.  DE 147.  Although Defendant's motion is, at times, convoluted and unclear, it appears that Defendant contends the Plaintiff violated the Confidentiality Order by: (1) disclosing Defendant Soni and non-party Anjali Soni's individual tax returns to Peter T. Barta; (2) disclosing the confidential transcript of Defendant Soni to the IRS; and (3) disclosing on the public docket the confidential transcript of non-party John Colbert's deposition.  *Id*. at 1-2.  Defendant also seeks to obtain a protective order to uphold its confidential designation of non-party Anjali Soni's deposition transcript.  *Id* at 3.  Non-party Anjali Soni also filed a motion "join[ing] in the motion filed by counsel for Defendant" but did not put forth any substantive arguments in support of the motion.  DE 149.

20

In opposing the motion, Plaintiff argues:  (1) that the depositions at issue do not contain any confidential information; (2) that Defendant's counsel did not appropriately mark any pages of the depositions confidential; and (3) the deposition testimony of non-party Anjali Soni is not protected by the Confidentiality Order because "it is not and cannot be 'Confidential Material' produced by any party [in] this case or the nonparty Soni Holdings, LLC" as required by the Confidentiality Order.  DE 148.  Plaintiff's counsel also denies that any individual tax returns were provided to non-party Barta, an issue Plaintiff contends was addressed by the Court at a hearing conducted on June 26, 2019.  *Id.*

Initially, counsel for both parties are reminded of their obligation under Local Rule 26.4 to "cooperate with each other … in all phases of the discovery process and to be courteous in their dealings with each other."  Local Civil Rule 24.4(a).  This includes refraining from *ad hominem* attacks in their filings which the Court observed in both the moving and opposition papers.  The Court also notes that Defendant's counsel failed to fulfill his obligations to meet and confer with Plaintiff's counsel prior to bringing the motion as required by Rule 26(c).  Although the Court could deny the motion on that basis alone, it will nonetheless address the issue given the passage of time since the motion was filed as well as the procedural posture of this case.

As to Defendant's assertion that Plaintiff improperly disclosed the Defendant and non-party Anjali Soni's tax returns to non-party Barta, the Court directs Defendant's counsel to the Minute Entry at DE 126.  On June 26, 2019, the Court held a hearing on various discovery motions during which time Defendant's prior counsel mentioned that non-party Barta was provided with the Defendant and non-party Anjali Soni's tax returns.  DE at 126 at 3.  The Minute Entry provides, in relevant part:

> The attorneys for the defendants in both cases asserted today that plaintiff's counsel violated the "attorneys' eyes only" provision of the Confidentiality

Agreement. Specifically, the defendants maintain that the tax returns at issue, passed through the hands of plaintiff's employee, Mr. Barta, during one of the depositions. Upon inquiry from the Court, however, both attorneys confirmed that they did not raise [the] issue on the record during the deposition, did not contact the Court at that time, apparently did not have a conversation with the examining attorney about their concern, and [did not raise] this matter to the Court before today. Consequently, the Court has no basis to take specific action based on this representation at this time. However, the Court instructed plaintiff's counsel, since he's not the one who took the deposition, to convey to his colleagues who are involved in this case of the "attorneys' eyes only" provision of the Confidentiality Agreement and that the Court expects all parties and counsel to observe this provision in the strictest sense. Any infraction of the Confidentiality Agreement shall be dealt with by the Court in the most serious manner such circumstances dictate.

*Id*.

No additional information has been presented to the Court regarding this issue which would compel a different holding than the one already reached on June 26, 2019.  Accordingly, Defendant has not demonstrated that Plaintiff violated the Confidentiality Order by disclosing Defendant Soni and non-party Anjali Soni's individual tax returns to Peter T. Barta.

With respect to non-party Anjali Soni's deposition transcript, the Court finds that the Confidentiality Order at DE 102 does not govern the deposition transcript and, alternatively, Defendant has not demonstrated "good cause" for a protective order.  As Plaintiff points out, the Confidentiality Order, drafted and agreed upon by the parties, states, in relevant part, that it "shall only govern Confidential Materials produced by any party to this case and the nonparty Soni Holdings, LLC, within this action."  DE 102 at 1.  Accordingly, discovery materials produced by non-party Anjali Soni are not subject to the Confidentiality Order.  Notwithstanding that fact, the Court may still issue a protective order upon a showing of "good cause" to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  FED. R. CIV. P. 26(c)(1).  "To show good cause, particular and specific facts must be established

rather than conclusory assertions." *New Falls Corp.,* 2018 WL 895504, at *3.  "Ordinarily, good cause exists when a party shows that disclosure will result in a clearly defined, specific and serious injury." *In re Terrorist Attacks on Sept. 11, 2001*, 454 F.Supp.2d 220, 222 (S.D.N.Y. 2006) (internal quotations and citations omitted).

Here, Defendant contends that non-party Anjali Soni's deposition transcript contains:  (1) commercial and proprietary information regarding Soni Holdings; (2) information regarding non-party Anjali Soni's tax returns; and (3) medical information regarding non-party Anjali Soni, all of which warrant a confidential designation according to the Defendant.  DE 147 at 3.  Aside from these conclusory assertions, however, Defendant does not describe with any specificity the nature of this information, nor does counsel cite any legal authority to support confidential treatment of this information (with the exception of information contained in tax returns), nor does he explain the specific and serious injury that would result if the information were to be disclosed.  *Roper v. City of New York,* No. 15-CV-8899, 2017 WL 462270, at *1 (S.D.N.Y. Jan. 25, 2017) ("The moving party bears the burden of demonstrating good cause under Fed. R. Civ. P. 26(c).").  Having reviewed the specific portions of the transcript cited in passing in a footnote, the Court observes that very little information was elicited from non-party Anjali Soni, who predominately responded that she did not know the answer to the question or that she was not involved in the subject matter raised.  Although Plaintiff's counsel attempted to gather information regarding the various subject matters identified by the Defendant, it does not appear that much information was revealed, and it remains unclear how disclosure of the little information that was revealed poses any specific and serious injury to any party or non-party. Accordingly, the Court finds that Defendant has not demonstrated "good cause" for the issuance of a protective order limiting the disclosure of non-party Anjali Soni's deposition transcript.

With respect to the Defendant's assertion that Plaintiff improperly disclosed the Defendant and non-party Colbert's "confidential" deposition transcripts, the Court finds that Defendant has not sufficiently demonstrated that the Plaintiff improperly disclosed material subject to the Confidentiality Order.  Specifically, Defendant has not established that Plaintiff disclosed material after it was designated "confidential" or that was subject to the Confidentiality Order.  On August 27, 2019 at 6:48 p.m., Defendant's counsel emailed Plaintiff's counsel stating that:

> To the extent not previously designated, and until further notice otherwise, Defendant hereby designates all of the deposition transcripts, party and non-party with the exception of that of Peter Barta, as confidential, and discovery produced by the Defendant and any non-parties as confidential, all pursuant to the confidentiality agreement/order in this case."

DE 147-1 at 2.

Notwithstanding the fact that such a blanket confidentiality designation is generally found not to be made in good faith, *see United States v. Mount Sinai Hosp.,* 185 F. Supp. 3d 383, 396 (S.D.N.Y. 2016) (A party "may not simply designate its entire production ... as confidential. [It] may only designate documents within its production as confidential after making a good faith determination that there is a legitimate basis for a confidentiality designation."), Defendant failed to indicate whether Defendant's deposition transcript was purportedly disclosed to the IRS before or after its August 27, 2019 confidential designation.  Non-party Colbert's deposition transcript was disclosed on the public docket on August 27, 20219 at 3:48 p.m. [DE 137], prior to the material being designated confidential, and therefore the posting could not have constituted a violation of the Confidentiality Order.  Regardless, non-party Colbert's deposition transcript is also not subject to the Confidentiality Order because the testimony is not material "produced by any party to this case and the nonparty Soni Holdings, LLC."  *See* DE 102.

24

Accordingly, Defendant has not demonstrated that Plaintiff violated the Confidentiality Order by disclosing the deposition transcript of Defendant Soni to the IRS or by posting non-party Colbert's transcript on the public docket. The parties are not to construe this holding as one which resolves whether Defendant's deposition transcript is appropriately designated "confidential" because Defendant Soni did not request that the Court make such a determination and Plaintiff did not specifically dispute the designation in its opposition. Further, this Court does not permit wholesale designations of deposition transcripts as confidential.

For the foregoing reasons, Defendant's letter motion to enforce the Confidentiality Order or, alternatively, for a protective order [DE 147] is DENIED. In addition, non-party Anjali Soni's "joinder" seeking the same relief [DE 149] is also DENIED.

### D. Plaintiff's Motion to Retain Unredacted Documents

Plaintiff filed a letter motion seeking to "retain and use certain unredacted documents pursuant to the instructions of the Court via telephone during the partial deposition of non-party Kanwal Kapur, CPA." DE 150. On November 27, 2018, Plaintiff served a subpoena on non-party Kapur requesting his deposition and the production of:

> All documents that related to **Soni Holdings, L.L.C.** … including but not limited to, tax returns, K-1's checks, deposit slips, money orders, receipts, invoices, checking account statements, savings accounts, statement, loan documentation, loan applications, financial statement security agreements, deeds of trust, payments, transfer, communications, worksheets, etc. during the period of 2005 to the present.

DE 73-2 (emphasis in original); *see also* DE 152 at 4-5. On October 1, 2019, counsel for non-party Kapur produced approximately 180 documents in response to the subpoena. *See* DE 150 at 1. Those documents were, in large part, partially redacted, with the exception of approximately 14 documents which were entirely unredacted. *Id.* That same day, counsel for

non-party Kapur emailed Plaintiff's counsel advising him that the unredacted documents were inadvertently produced and requested that Plaintiff's counsel discard the documents. *See* DE 152 at 8.

The next day, Plaintiff's counsel conducted the deposition of non-party Kapur and attempted to question him regarding the unredacted documents, to which both non-party Kapur and Defendant's counsel objected. *See generally* DE 150-1. The parties contacted the Court as the deposition was being conducted and sought guidance regarding the dispute. *Id*. The Court instructed the parties to file a motion outlining the dispute, along with the redacted and unredacted documents for the Court's review. *Id*. at 11-12.

Following the deposition, Plaintiff filed a letter motion on December 12, 2019 seeking to retain the unredacted documents. *See* DE 150. Plaintiff acknowledged that, under Rule 26(b)(5)(B), the Court may compel a party to return an inadvertently disclosed document if it is found that the producing party made reasonable efforts to screen out privileged documents and did not intend to produce the documents which were inadvertently produced. *Id*. at 1-2. However, Plaintiff argues that neither the Defendant nor non-party Kapur claim any privilege or protection as to the unredacted documents, and consequently there is no basis under Rule 26(b)(5)(B) to discard or return the documents. Plaintiff further points out that no privilege log was provided with the production and argues that the documents which were redacted were done so improperly. *Id*.

Defendant Soni opposes the motion on both procedural and substantive grounds. *See* DE 151. First, Defendant claims that Plaintiff's counsel failed to meet and confer in good faith prior to bringing his motion and also failed to provide Defendant with a copy of the unredacted documents it seeks to retain by way of the motion. *Id* at 1. Second, notwithstanding his claim

26

that he has not had an opportunity to review the unredacted documents at issue, Defendant's

counsel argues that the documents contain information regarding third parties which should

instead be subpoenaed under Rule 45. *Id*. at 2. Defendant also argues that the documents at

issue contain sensitive tax and financial information which are irrelevant to the instant action

because they involve entities aside from Soni Holdings and should be afforded higher protection.

*Id*. at 3. Non-party Kapur, who inadvertently produced the unredacted documents, does not

contend that the documents contain sensitive tax and financial, privileged, or protected

information. *See* DE 152. Rather, Kapur's counsel argues, along with the Defendant, that the

documents are irrelevant to the instant action because they "concern entities other than Soni

Holdings, L.L.C. and, therefore, were not required to be produced by the subject subpoena."

*Id*. at 2. Kapur's counsel also contends that the retention of information regarding third parties

violates the spirit, if not the letter, of Rule 45(d)(1). *Id*.

Plaintiff's counsel did not submit any certification that he met and conferred in good faith

with the Defendant nor with non-party Kapur's counsel in an attempt to resolve the instant

dispute, pursuant to Local Rule 37.3. Notwithstanding that fact, the Court finds that counsel

sufficiently met and conferred the day of the deposition, prior to bringing the instant dispute to

the Court. Based on the positions of counsel taken at the deposition, it does not appear that any

further attempt to meet and confer would have resolved the dispute. As to Plaintiff's purported

failure to provide copies of the unredacted documents to all counsel, the Court points out that

non-party Kapur provided the Court with copies of the documents at issue as they were

inadvertently produced (*i.e.,* unredacted) and as they were intended to be produced by non-party

Kapur (*i.e.,* redacted). The proper procedure would have been to attach the documents to the

relevant submissions on the public docket in redacted form, and then to have requested that

unredacted documents be filed under seal.  Counsel are on notice that the Court does not permit *ex parte* filings, with the exception of documents submitted for an *in camera* review.  Any attempted submissions of such nature going forward may result in sanctions.  In any case, the Court infers that Defendant's counsel has, at some point, reviewed the documents at issue -- otherwise he would not have been able to argue that the unredacted documents contain sensitive financial and tax information warranting their return.  Accordingly, the Court will address the merits of Plaintiff's motion.

Having reviewed the documents at issue, the Court finds that they contain financial information regarding third-party entities, including details regarding each entity's assets, liabilities, profits, and losses.  Non-party Kapur seeks to entirely redact documents bearing bates stamped numbers KK 000002 through KK 000007 and KK 000011 through KK 000014, and to partially redact documents bearing bates stamped numbers KK 000008 through KK 000010.  The partially redacted documents contain information responsive to the subpoena related to Soni Holdings.  The partially redacted documents are almost entirely redacted with the exception of a single line referencing Soni Holdings.  Importantly, neither non-party Kapur nor the Defendant have asserted that the documents at issue contain any privileged or protected information.  The crux of their arguments is that the information sought to be redacted in the documents is not technically responsive to the subpoena or relevant to the instant action because they do not relate to Soni Holdings.

However, the weight of authority in the Second Circuit goes against allowing a party to redact information from admittedly responsive and relevant documents "based on that party's unilateral determinations of relevancy."  *Cyris Jewels v. Casner*, No. 12-CV-1895, 2016 WL 2962203 at *4 (E.D.N.Y. May 20, 2016) (citing cases rejecting defendants' requests for

redaction of irrelevant text within relevant documents); *see also Durling v. Papa John's Int'l, Inc.*, No. 16-CV-03592, 2018 WL 557915, at *9 (S.D.N.Y. Jan. 24, 2018) ("Redactions on grounds of non-responsiveness or irrelevance are generally impermissible, especially where ... a confidentiality stipulation and order ... is in place."); *John Wiley & Sons. Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014) ("[R]edactions of portions of a document are normally impermissible unless the redactions are based on a legal privilege."); *In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, No. 08-CV-0333, 2009 WL 1026013, at *1 (S.D.N.Y. Apr. 8, 2009) (directing parties not to "redact any portion of a document on the ground that the portion is non-responsive and irrelevant" because such redactions "breed suspicions" and "may deprive the reader of context"); *In re Restasis (Cyclosporins Opthalmic Emulsion) Antitrust Litig.*, No. 18-MD-2819, 2018 WL 3007926, at *1 (E.D.N.Y. June 4, 2018) (party should not be permitted to unilaterally decide to redact portions of a responsive document because it determines that they are competitively sensitive and not relevant).

The Court finds no reason to depart from the general rule that relevance redactions are improper. The documents bearing bates stamped numbers KK 000008 through KK 000010 contained responsive information and therefore may be retained in their unredacted form. However, Plaintiff shall return the remaining documents at issue to non-party Kapur within 14 days of entry of this Order. Recognizing that the unreturned documents contain arguably sensitive financial information, the Court is requiring the parties to amend or supplement the existing Stipulation and Order of Confidentiality [DE 102] within 14 days of this Order to designate these documents as "Confidential-Attorney's Eyes Only," for use in the prosecution and defense on this action only. *See Closed Joint Stock Co. "CTC Network," v. Actava TV, Inc.*, No. 15-CV-8681, 2016 WL 1364942, at *3 (S.D.N.Y. Mar. 28, 2016) ("[D]etailed financial

information concerning a privately held business, not previously disclosed to the public, will in most cases warrant confidential treatment.").

Based on Plaintiff's assertion that the entirety of non-party Kapur's document production was heavily redacted without an accompanying privilege log, the Court directs non-party Kapur to provide a privilege log in compliance with Rule 26(5)(A) and Local Rule 26.2 for any documents redacted or withheld on the basis of a privilege or protection and to do so within 21 days of this Order.  As explained above, if a document contains information responsive to the subpoena, then it may not be redacted based on non-party Kapur's unilateral determination of relevancy.  Non-party Kapur may, however, designate the documents as "Confidential" or "Confidential-Attorney's Eyes Only" under the anticipated amendment/supplement to the Stipulation and Order of Confidentiality.

Accordingly, Plaintiff's motion to retain the unredacted documents is GRANTED, in part, and DENIED, in part, to the extent provided above.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel [DE 121] is DENIED; Defendant's cross-motion for a protective order [DE 138] is GRANTED; Plaintiff's motion for leave to move for contempt against the IRS [DE 146] is DENIED; Defendant's motion to enforce the Stipulation and Order of Confidentiality or, alternatively, for a protective order [DE 147] and non-party Anjali Soni's motion as "joinder" [DE 149] is DENIED; and Plaintiff's motion to retain unredacted documents [DE 150] is GRANTED, in part, and DENIED, in part, to the extent provided in this Order.

**Going forward, the parties are precluded from filing any further motions in this case without the advance permission of this Court**.  To the extent that counsel contend that a

motion is necessary and required, counsel must make a good faith effort under Local Rule 37.3

to resolve the dispute without resort to motion practice and, only if they are unsuccessful, may

jointly contact Chambers to set up a telephone conference to the discuss the discovery dispute.

Any violation of this Order will result in further action by the Court, up to and including the

imposition of sanctions.  This directive does not apply to any motions which come within the

jurisdiction of the District Judge assigned to this case.

Counsel are further directed to file a report on the status of discovery in this action,

including the specific discovery which remains to be completed, if any, and how it is relevant

and proportional to the needs of the action.  The report is to be filed on ECF by June 15, 2020.


**SO ORDERED.**

Dated:  Central Islip, New York
        May 29, 2020


                    /s/ A. Kathleen Tomlinson
                    A. KATHLEEN TOMLINSON
                    United States Magistrate Judge