```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
     NEW FALLS CORPORATION,

                         Plaintiff,

         v.

     OM P. SONI,

                         Defendant.
----------------------------------------------------------X
```

**ORDER**

16-CV-06805 (HG) (LGD)

FILED
CLERK
3:51 pm, Oct 17, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**LEE G. DUNST**, Magistrate Judge:

On May 29, 2020, Magistrate Judge A. Kathleen Tomlinson (to whom this case was previously assigned) issued a Memorandum and Order addressing various discovery and related disputes in this case, which ordered that "[c]ounsel are further directed to file a report on the status of discovery in this action, including the specific discovery which remains to be completed, if any, and how it is relevant and proportional to the needs of the action." Electronic Case File number ("ECF No.") 153. As a result of the parties' inability to comply with that simple directive, Judge Tomlinson issued a new Order on June 16, 2020 directing that each party "provide the Court individually with a one-page bullet point list solely containing the discovery which each side claims is still to be completed in this case." On June 23, 2020, the parties filed their respective submissions identifying outstanding discovery. *See* ECF No. 158 (Defendant represented that "[t]he following discovery remains to be completed at this time" and identified four bullet points); ECF No. 159 (Plaintiff provided a "list of remaining discovery in this case" and identified six bullet points).

Since June 2020, the parties have made little or no progress in advancing discovery forward in this case. After the unfortunate death of Judge Tomlinson, this case ultimately was reassigned to the undersigned on June 13, 2022. In response to the Court's September 20, 2022 Status Report Order seeking a joint status report "regarding the current status of discovery," the parties submitted ECF No.

190—describing a litany of discovery disputes regarding document production, depositions, non-party discovery, and expert discovery.  Plaintiff identified six separate items in ECF No. 190 as remaining discovery to be conducted in this case, which are the same six bullet points listed previously in ECF No. 159 from more than two years ago.  Defendant's list of remaining discovery in ECF No. 190 includes the four bullet points previously identified more than two years ago in ECF No. 158 and purports to add new open discovery items that were <u>not</u> included in ECF No. 158—though ECF No. 158 purported to respond to Judge Tomlinson's June 16, 2020 Order to "identify the discovery which each side claims is still to be completed in this case."  Notably, in ECF No. 190, neither Plaintiff nor Defendant referenced (1) Judge Tomlinson's May 29, 2020 Memorandum And Order (ECF No. 153), (2) Judge Tomlinson's June 16, 2020 Order, or (3) the parties' respective responses thereto at ECF Nos. 158 and 159.

The parties also dispute what was discussed in the August 10, 2020 status conference with District Judge Sandra F. Feuerstein (to whom the case previously assigned).  Plaintiff contends that Defendant "discussed his additional demands" on August 10, 2020 and that Judge Feuerstein "did not grant his requests."  ECF No. 190.  Defendant, however, argues that Judge Feuerstein "did not address and rule in any manner on defendant's remaining discovery."  *Id*.

It is abundantly clear to the Court from ECF No. 190, as well as the lengthy history of disputes between the parties over the span of this litigation, that the parties are unable and/or unwilling to engage meaningfully in the meet-and-confer process mandated by Fed. R. Civ. P. 37(a)(1), the Local Rules of this Court, and the undersigned's Individual Practice Rules.  The Court therefore intends to engage directly with the parties to "secure the just, speedy, and inexpensive determination" of these discovery disputes as required by Federal Rule of Civil Procedure 1.  The Supreme Court has recognized that the "district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly

and expeditious disposition of cases." *Dietz v. Bouldin,* 579 U.S. 40, 45 (2016) (internal quotations omitted). As a result, there are "many . . . standard procedural devices trial courts around the country use every day in service of Rule 1's paramount command: the just, speedy, and inexpensive resolution of disputes" even if not set forth explicitly in the Federal Rules of Civil Procedure. *Id.* (noting that, for example, motions *in limine* and motions to dismiss for *forum non conveniens* are well-accepted procedural devices though they have "no provision" in the Federal Rules of Civil Procedure). Thus, it is appropriate for a court to exercise this inherent power if it is "a 'reasonable response to the problems and needs' confronting the court's fair administration of justice." *Id.* (quoting *Degen v. United States*, 517 U.S. 820, 823–824 (1996)). Further, the Supreme Court has held that "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Id.; accord Braithwaite v. Collins,* No. 22-CV-0161, 2022 WL 426165, at *1 (E.D.N.Y. Feb. 11, 2022). The Court intends to do so in this case and will use the tools at its disposal to (1) ensure the parties' strict compliance with the Court's orders and (2) achieve "the just, speedy, and inexpensive determination" of this matter.

In light of the foregoing, the Court ORDERS as follows:

(1) Defendant shall file a supplemental submission by **October 28, 2022** that includes the following:

> (a) A copy of Defendant's notice seeking the Fed R. Civ. P. 30(b)(6) deposition of Plaintiff, New Falls Corp., together with the attached rider seeking documents. ECF Nos. 158 & 190.
>
> (b) A copy of Defendant's September 5, 2019 Request to inspect "All Original Audi Recordings on conversations between Plaintiff and Defendant and Soni family members." *Id*.
>
> (c) Copies of (i) Defendant's September 5, 2019 Request to Produce, and (ii) Plaintiff's discovery responses thereto that Defendant seeks to be revised—both in connection with Defendant's request for "Plaintiff's Revised Responses and Compliance with Defendant's September 5, 2019 Request to Produce; pursuant to 2015 Amendments to [Fed. R. Civ. P. 34]." *Id*.

3

(d) Copies of (i) Defendant's August 30, 2019 Request to Produce, and (ii) Plaintiff's discovery responses thereto that Defendant seeks to be revised—both in connection with Defendant's request for "Plaintiff's Revised Responses and Compliance with Defendant's August 30, 2019 Request to Produce; pursuant to 2015 Amendments to [Fed. R. Civ. P. 34]." *Id.*

(e) An explanation for its failure to include the following requests in ECF No. 158—filed more than two years ago in response to Judge Tomlinson's June 16, 2020 Order that the parties "identify the discovery which each side claims is still to be completed in this case"—that Defendant included in ECF No. 190: (i) documents responsive to "Fed R. Civ. P. 26(a) Compliance, including R. 26(a)(1)(iii), computation of damages;" (ii) "Issuance of subpoena for documents and depositions to The Cadle Co. II, Inc. and The Cadle Co."; and (iii) "Expert and rebuttal reports." ECF No. 190. That explanation must attempt to demonstrate good cause for why the Court should now entertain these untimely discovery requests absent from DE 158.

(2)     Plaintiff shall file a supplemental submission by **October 28, 2022** (together with Defendant's submission described above, the "Letters" and each a "Letter") that includes the following:

(a) A detailed list of "all documents responsive to Plaintiff's demands at the deposition of Defendant to produce full documents for which signature pages were provided." ECF No. 190.

(b) The relevant portion of the transcript of the deposition of non-party Kanwal Kapar during which Plaintiff contends that "the parties agreed to continue on record." *Id.*

(c) All document requests that Plaintiff intends to include in the proposed subpoena to non-party Alan Grossman. The Court expects that the proposed subpoena will be "proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1), and will not impose any "undue burden or expense" on the non-party, Fed R. Civ. P. 45(d)(1).

(d) All document requests that Plaintiff intends to include in the proposed subpoena to non-party Soni Capital Resources, LLC. The Court expects that the proposed subpoena will be "proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1), and will not impose any "undue burden or expense" on the non-party, Fed R. Civ. P. 45(d)(1).

(e) A summary of the subject matter of Plaintiff's proposed expert reports.

(f) Confirmation of whether Plaintiff will comply with Defendant's September 5, 2019 Request to inspect "All Original Audi Recordings on conversations between Plaintiff and Defendant and Soni family members." ECF No. 190. This confirmation must provide a one-word response to the Court's inquiry: either "yes" or "no." If the answer is "yes," Plaintiff shall also advise the Court when it will comply. If the answer is "no," Plaintiff shall also provide a reasonable explanation for this refusal.

(g) Copies of "the [November 5, 2018] notice of deposition by prior [defense]

4

counsel . . . for Mr. [Pete] Barta as a representative" and the relevant portions of the transcript of the November 21, 2018 deposition of Mr. Barta which demonstrates whether he was deposed in his position as an employee, Rule 30(b)(6) witness, non-party, or some other capacity.  *Id*.

(h) Copies of any correspondence confirming that "Plaintiff fully responded to Defendant's demands and produced all documents requested on May 16, 2017."  *Id*.

(3) The minute entry for the parties' August 10, 2020 conference with Judge Feuerstein does not indicate any rulings on the instant discovery issues.  *See* ECF No. 170   To the extent that the parties have a position on this point, counsel must submit a sworn affidavit with their respective Letters that (i) explains whether Judge Feuerstein did (or did not) address during the August 10, 2020 conference any of the Defendant's additional discovery demands, and (ii) provides any supporting evidence.

(4) The parties' respective Letters shall not exceed four pages (excluding the materials specifically requested in this Order).  The Court will reject any Letter that fails to comply with the requirements of this Order or the undersigned's Individual Practice Rules.

(5) The Court will not grant any adjournments of the deadline to file the Letters absent a showing of good cause supported by a sworn affidavit from the party seeking the adjournment.

(6) The parties shall not respond to the opposing party's Letter.

(7) The parties shall not serve any additional discovery demands on opposing counsel prior to the November 10, 2022 conference before the undersigned.

(8) All depositions, non-party discovery, and expert discovery are stayed pending the November 10, 2022 conference before the undersigned.

*          *          *

Finally, the Court has reviewed numerous filings by the parties in this case and concludes that the parties are routinely violating Local Civil Rule 26.4, which requires as follows: "[c]onsistent with representing the interests of their clients, attorneys of record are expected to act professionally and

5

cooperate with each other in all phases of discovery and be courteous in their dealings with each of other." In fact, the parties' submissions to the Court have been replete with *ad hominem* attacks, vituperative language, and provocative finger-pointing. Judge Tomlinson recognized this extreme and unnecessary behavior by the parties. *See* ECF No. 153 ("Going forward, the parties are precluded from filing any further motions in this case without the advance permission of this Court."); June 16, 2020 Order ("The one-page submission shall not contain a party's 'position,' complaint about opposing counsel, argument, request for a ruling, disputed issue, commentary on claims or defenses or anything of a similar nature. Any failure to comply with the letter of this Order shall result in the imposition of sanctions."). As Judge Tomlinson did in the past, the undersigned will not tolerate any continued recklessness and lack of basic professional courtesy by counsel in this case. *See* Individual Practice Rule I.B.3 (discussing the guidance issued by the American College of Trial Lawyers in the *Code of Pretrial and Trial Conduct*, including the provision that "[z]ealous representation of the client is not inconsistent with a collegial relationship with opposing counsel in service to the court . . . The absence of respect, cooperation, and collegiality displayed by one lawyer toward another too often breeds more of the same in a downward spiral.").

Famed French writer Victor Hugo aptly observed that "[s]trong and bitter words indicate a weak cause." *In re Ostrowski*, No. 1:10-MC-0064, 2014 WL 690528, at *13 & n.6 (M.D. Pa. Feb. 24, 2014). Counsel should keep this principle in mind when communicating with each other and especially with the Court. Both parties are on notice that the Court will not tolerate any further unprofessional conduct in this case. *See, e.g., Piccolo v. Top Shelf Prods., Inc.*, No. 16-6930, 2018 WL 4374914, at *1-2 (E.D.N.Y. Sept. 13, 2018) (imposition of sanctions after "repeated instances of unprofessional conduct by both counsel" and "*ad hominem* attacks between counsel").

**SO ORDERED:**

6

Dated:  Central Islip, New York                          s/ Lee G. Dunst
        October 17, 2022                                 _____
                                                         LEE G. DUNST
                                                         United States Magistrate Judge

7